995 P.2d 835

**VIAFAX CORP., a New York corporation, Plaintiff–Counterde- fendant–Appellant,**

v.

**Reimar STUCKENBROCK and Idaho Mountain Properties, a forfeited Idaho corporation, Defendants–Counterclaim- ants–Respondents.**

No. 24859.

Court of Appeals of Idaho.

Feb. 18, 2000.

Wilson & McColl, Boise, for appellant.

Beer & Cain, Boise, for respondents.

LANSING, Judge.

The principal issue presented by this case is whether the plaintiff's motion to set aside a default judgment on the defendant's counterclaim should have been granted where the counterclaim was filed but not served, and the default judgment entered, after the plaintiff's attorney had withdrawn and the plaintiff had failed to make an appearance through new counsel. We conclude that the plaintiff showed grounds for relief from the judgment, but we affirm the denial of the motion to vacate the judgment because the motion was not filed within a reasonable time.

## BACKGROUND

Plaintiff Viafax Corp. leased a Mercedes automobile to defendant Idaho Mountain Properties, Inc. (IMP), and defendant Reimar Stuckenbrock guaranteed IMP's performance under the lease. Viafax later brought an action for breach of the lease. By its complaint, Viafax sought possession of the automobile and a judgment for the unpaid balance on the lease. The defendants, hereinafter referred to collectively as "Stuckenbrock,"[1] filed an answer denying liability.

After commencement of the action, Viafax repossessed the vehicle by self-help measures. There followed discussions between the parties from which Stuckenbrock understood that, if he would deliver to Viafax the funds necessary to bring payments current on the lease, Viafax would return the automobile to him. In accordance with this agreement, Stuckenbrock wired to Viafax the sum of $17,355 to redeem the vehicle. After receiving this money, however, Viafax refused to relinquish the vehicle and, instead, notified Stuckenbrock that he would have to pay, in addition, the full accelerated balance on the lease, nearly $75,000, in order to regain the automobile.

In dissatisfaction with Viafax's conduct, the attorney for Viafax filed a motion for leave to withdraw as counsel. The district court granted this motion by an order issued on April 25, 1997. In compliance with Idaho Rule of Civil Procedure 11(b)(3)[2], the order directed Viafax to appoint another attorney to appear within twenty days and notified Viafax that failure to make an additional appearance through newly appointed counsel within such period "shall be sufficient ground for entry of default and default judgment against Viafax Corp. or dismissal of the action of such party, with prejudice, without further notice."

On the same day as the hearing and entry of the order on the motion for withdrawal, Stuckenbrock filed and served on the withdrawing attorney a motion for permission to file a counterclaim. The motion was sent to Viafax by its withdrawn attorney. The proposed counterclaim, which was attached to the motion, prayed for an order directing Viafax to return the vehicle to Stuckenbrock and to return certain items of personal property that allegedly were in the automobile at the time of its repossession by Viafax or, in the alternative, for a money judgment. Viafax did not make a new appearance through counsel to pursue its action and did not re-

---

1. IMP apparently had become defunct prior to the filing of this action.

2. Rule 11(b)(3) provides in part:

 If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing the attorney's client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how the client will proceed without an attorney, within 20 days from the date of service or mailing of the order to the client.

 . . . .

 Upon the entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days after service or mailing of the order of withdrawal to the party. If such party fails to file and serve an additional written appearance in the action either in person or through a newly appointed attorney within such 20 day period, such failure shall be sufficient ground for entry of default and default judgment against such party or dismissal of the action of such party, with prejudice, without further notice, which shall be stated in the order of the court.

spond to Stuckenbrock's motion for leave to file a counterclaim.

On June 6, 1997, the district court granted Stuckenbrock's motion for leave to file the counterclaim. This order was not served on Viafax. Two months later, on August 6, 1997, the counterclaim was filed, but this also was not served on Viafax. At a hearing conducted on August 22, 1997, without notice to Viafax, Stuckenbrock requested a default judgment on the counterclaim and presented supporting evidence. The district court "deemed" the counterclaim to have been filed on the day of the June 6 order, found that Stuckenbrock's claims had been proved and, on September 15, 1997, entered a default order and a judgment awarding damages in excess of $26,000 against Viafax. This judgment was promptly served on Viafax by the clerk of the court.

On December 11, 1997, Viafax, through a new attorney, filed a request for a trial setting. Stuckenbrock filed an objection to the request on the ground that the entire action had been concluded by the September 15 judgment. On February 5, 1998, Viafax filed a motion to set aside the judgment on the ground that Viafax had never been served with the counterclaim and hence had no opportunity to present a defense. In support of the motion Viafax filed an affidavit of a corporate officer, which explained Viafax's decision not to appear through new counsel after the withdrawal of its first attorney:

Viafax did receive notice of [Viafax's attorney's] Motion for Leave to Withdraw as Viafax's counsel, and did receive a copy of the Court's Order granting that motion. However, at that point I believed, as the individual dealing with this situation for Viafax, that the only purpose of the lawsuit filed by Viafax against Stuckenbrock had been served—to obtain possession of the vehicle. Therefore, I believed the lawsuit was effectively over. I believed that Viafax need not obtain another lawyer to represent it and pursue this action because Viafax's goal had been realized because it was not interested in pursuing that action at that time. The Court's April 24, 1997, Order for Leave to Withdraw stated that if Viafax did not obtain another lawyer, that the lawsuit might be dismissed. At that point in time, Viafax did not care if its lawsuit against Stuckenbrock would be dismissed because it had possession of the vehicle, which was the most that Viafax believed it would ever get out of Stuckenbrock. Viafax did not want to spend more time and money pursuing Stuckenbrock at that point in time so it decided not to hire another lawyer to pursue its lawsuit. That is why Viafax did not comply with the Court's order informing it that it had twenty (20) days to obtain new counsel.

Sometime after April 24, 1997, Viafax received, through regular mail from [Viafax's attorney's] office after he had withdrawn, a copy of the Stuckenbrock's Motion to File Counterclaim, with proposed Counterclaim attached and Affidavit of Reimar Stuckenbrock in Support of Motion to File Counterclaim. . . .

Although I understood from reviewing these documents that Stuckenbrock was asking the Court to allow him to file a counterclaim against Viafax, I also understood that Viafax did not have to answer or respond to that counterclaim or take any action unless and until the Court granted Viafax's [sic] motion and allowed him to file that counterclaim. Stuckenbrock's Motion to File Counterclaim specifically states that the Counterclaim attached was "proposed" counterclaim, affirming my understanding of these documents that Viafax need not respond unless and until the Court granted Stuckenbrock's motion and allowed him to file his proposed Counterclaim.

The district court denied Viafax's motion to vacate the default judgment, concluding that Viafax had neither shown grounds for relief from the judgment under I.R.C.P. 60(b) nor acted with reasonable diligence to seek relief after Viafax learned of the judgment in September 1997. The district court also held that the entire action, not just Stuckenbrock's counterclaim, had been concluded by the judgment, and therefore denied Viafax's request for a trial setting on the claims set out in its own complaint. Viafax appeals from the district court's disposition of both motions.

## ANALYSIS

### A. Viafax's Motion to Set Aside the Default Judgment

 Idaho Rule of Civil Procedure 60(b)(1) authorizes a trial court to relieve a party from a final judgment for the reason of "mistake, inadvertence, surprise, or excusable neglect." A decision whether to grant a motion under I.R.C.P. 60(b) is committed to the sound discretion of the trial court. *Shelton v. Diamond Int'l Corp.*, 108 Idaho 935, 937, 703 P.2d 699, 701 (1985); *Sherwood & Roberts, Inc. v. Riplinger*, 103 Idaho 535, 541, 650 P.2d 677, 683 (1982); *Washington Fed. Sav. & Loan Ass'n v. Transamerica Premier Ins. Co.*, 124 Idaho 913, 915, 865 P.2d 1004, 1006 (Ct.App.1993). Absent an abuse of that discretion, we will not overturn the trial court's decision. *Catledge v. Transp. Tire Co.*, 107 Idaho 602, 691 P.2d 1217 (1984). The trial court will be considered to have acted within its sound discretion on a motion to set aside a default judgment if:

> (a) the trial court makes findings of fact which are not clearly erroneous, (b) the court applies to those facts the proper criteria under Rule 60(b)(1) (tempered by the policy favoring relief in doubtful cases), and (c) the trial court's decision follows logically from application of such criteria to the facts found.

*Shelton*, 108 Idaho at 938, 703 P.2d at 702 (quoting *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct. App.1983)). *See also Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). However, a trial court's discretion in acting on a motion for relief from a judgment "may be greatly narrowed where certain procedural safeguards were not strictly complied with in obtaining the judgment ." *Deutz–Allis Credit Corp. v. Smith*, 117 Idaho 118, 120, 785 P.2d 682, 684 (Ct.App.1990).

 On appeal, Viafax contends that it has shown surprise, mistake and excusable neglect which warrant relief from the judgment. We conclude that surprise has been demonstrated, and we therefore need not consider mistake or excusable neglect.

 For purposes of Rule 60(b)(1), "surprise" means "some condition or situation in which a party to an action is unexpectedly placed to his injury, without any default or negligence of his own, and which ordinary prudence could not have guarded against." *LeaseFirst v. Burns*, 131 Idaho 158, 162, 953 P.2d 598, 602 (1998); *Nickels v. Durbano*, 118 Idaho 198, 203, 795 P.2d 903, 908 (Ct. App.1990). Viafax contends that the default judgment was obtained by "surprise" because Viafax was never served with the counterclaim, or even with the order granting leave for Stuckenbrock to file the counterclaim, before the judgment was taken. Viafax argues that, although the district court could properly dismiss Viafax's complaint without notice when Viafax failed to make an appearance through new counsel after the withdrawal of its first attorney, Viafax rightfully expected to be served with a counterclaim before it could be defaulted on such a pleading.

Viafax's position has merit. Neither the Idaho Rules of Civil Procedure nor the order for withdrawal of Viafax's attorney, with its warning of adverse consequences if Viafax did not make a new appearance within twenty days, relieved Stuckenbrock of the obligation to serve the counterclaim on Viafax or authorized the court to grant a default judgment on the counterclaim without such service. Critical to our analysis is I.R.C.P. 5(a).[3] That rule specifies that generally every order, pleading, motion, demand or similar document must be served on each party

---

**3.** Idaho Rule of Civil Procedure 5(a) states:

> Every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, brief and memorandum of law, and similar paper shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

affected thereby. With respect to defaulting parties, the rule provides that "no service need be made on parties in default for failure to appear *except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.*" (Emphasis added.) This rule plainly required that Stuckenbrock's counterclaim be served on Viafax even though Viafax had not made a new appearance within twenty days after its attorney's withdrawal. On the date when Viafax's attorney was allowed to withdraw, the only claim for relief pending in the action was Viafax's own complaint. Although Stuckenbrock had, on the same day, filed and served a motion for permission to file a counterclaim, such judicial permission had not yet been obtained and the counterclaim had not been filed. Thus, the counterclaim was a "new or additional claim for relief" against Viafax for which service was required by Rule 5(a). This rule directly refutes Stuckenbrock's position that, once Viafax allowed the twenty-day period following the withdrawal of its attorney to expire without making a new appearance, Viafax was no longer entitled to notice of *any* further proceedings in the trial court.

The district court focused upon the fact that Viafax was served with Stuckenbrock's motion for leave to file the counterclaim. Viafax has acknowledged receipt of this motion and does not challenge the validity of the service made on its attorney on the day of the attorney's withdrawal. However, in our view the district court erred in concluding that service of this motion alone was sufficient to put Viafax at risk of a default judgment. Service of a motion for leave to file a counterclaim, even with the proposed counterclaim attached, is not the equivalent of service of the counterclaim itself. As Viafax argues, receipt of the motion gave it notice only that it could object to a counterclaim being filed and that the motion might be granted. It remained possible that the court would deny the motion, even without an objection from Viafax, or that Stuckenbrock would abandon the effort. Filing and service of the counterclaim itself could be properly accomplished only *after* permission had been obtained from the court. *See* I.R.C .P. 13(e); 15(d).[4] Such service was never performed.

In short, Viafax was never served with a pleading that it was obliged to answer in order to avoid the risk of a default judgment. Entry of the default judgment was therefore a "surprise" for which relief is authorized by Rule 60(b)(1).[5] The district court, in concluding to the contrary, acted outside the scope of its discretion because the court did not apply "the proper criteria under Rule 60(b)(1)." *Shelton,* 108 Idaho at 938, 703 P.2d at 702.

■ This conclusion does not end our analysis, however, for the district court also stated an alternative basis for its denial of Viafax's motion to set aside the default judgment. The court held that the motion should not be granted because Viafax had not acted with reasonable diligence in seeking relief from the judgment.

■ The timeliness of a motion to set aside a judgment is governed by Rule 60(b), which provides that such a motion "shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken." What constitutes a reasonable time depends upon the facts in each individual case. *See* 11 CHARLES ALAN WRIGHT, ARTHUR R.

4. Rule 13(e) provides:

A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

Rule 15(d) provides:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor.

5. Viafax does not argue that the absence of service of the counterclaim made the default judgment void or voidable and subject to being vacated under I.R.C.P. 60(b)(4), and we therefore do not consider that potential challenge.

MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 2866, at 382 (1995) (discussing the corresponding Federal Rule of Civil Procedure). It must appear that "the defaulting party is not guilty of indifference or unreasonable delay" and has acted "promptly and diligently in seeking relief." *Stoner v. Turner,* 73 Idaho 117, 121, 247 P.2d 469, 471 (1952). *See also Clark v. Atwood,* 112 Idaho 115, 117, 730 P.2d 1035, 1037 (Ct.App.1986). The six-month period specified in Rule 60(b) is the outermost limit, and a motion may be rejected as untimely if not made within a "reasonable time" even though the six-month period has not elapsed. 11 WRIGHT ET AL., *supra,* § 2866 at 389.

 The question of what is a reasonable time under Rule 60(b) is a question of fact to be resolved by the trial court. *Davis v. Parrish,* 131 Idaho 595, 597, 961 P.2d 1198, 1200 (1998); *Thiel v. Stradley,* 118 Idaho 86, 88, 794 P.2d 1142, 1144 (1990). We defer to the trial court's findings on that issue unless they are clearly erroneous. *Shelton,* 108 Idaho at 937–38, 703 P.2d at 701–02; *Johnson v. Pioneer Title Co. of Ada County,* 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App. 1983); *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 325, 658 P.2d 992, 996 (Ct. App.1983).

Here, the default judgment was entered on September 15, 1997, and it was promptly served on Viafax. On December 11, Viafax filed a request for a trial setting, but it was not until February 5, 1998, nearly five months after entry of the judgment, that Viafax filed a motion to set the judgment aside. On these facts the district court found that Viafax had not exercised due diligence and that "by such delay, Viafax has demonstrated indifference or unreasonable delay in the pursuit of this matter."

Viafax has offered no explanation for its delay of nearly five months in seeking Rule 60(b) relief. In the absence of an excuse for this delay, the district court's finding that Viafax did not act within a reasonable time is not clearly erroneous. Therefore, although Viafax has shown that the default judgment was acquired through impermissible surprise, we uphold the district court's denial of Via-

fax's motion to set aside the default judgment on the ground that the motion was not brought within a reasonable time.

**B. Viafax's Request for Trial Setting**

 Viafax next asserts that the default judgment disposed of only Stuckenbrock's counterclaim and that Viafax's own complaint is still pending. Therefore, according to Viafax, the district court erred in denying Viafax's motion to set a trial date at which Viafax's claims could be heard. The district court disagreed, holding that the September 15, 1997 judgment was intended to, and did, conclude the entire action.

We find no error in the district court's determination. Although the judgment does not expressly mention Viafax's complaint, it specified that the "Defendants/Counterclaimants shall have judgment against the Plaintiff/Counterdefendant" in amounts for conversion of personal property and for return of the security deposit paid at the outset of the lease. The district court's designation of Viafax and Stuckenbrock in their respective positions as plaintiff/counterdefendant and defendant/counterclaimant indicates that the court had in mind disposition of the entire action. More importantly, the judgment included an award to Stuckenbrock of costs and attorney fees, which he had requested pursuant to Idaho Code § 12–120. These awards could be made only to the "prevailing party," I.C. § 12–120; I.R.C.P. 54(d)(1)(A), (B); 54(e)(1), and a determination of the prevailing party can be made only upon the disposition of all of the competing claims in the action. *See* I.R.C.P. 54(d)(1)(B). Thus, it is apparent that the trial court considered this judgment to be dispositive of the entire action. It follows that, when Viafax filed its request for a trial setting, the action had been concluded and there were no issues remaining for trial.

**C. Attorney Fees on Appeal**

Both parties have requested attorney fees on appeal. The parties are in agreement that this action is based upon a commercial transaction, and thus falls under I.C. § 12–120(3), which mandates an award of attorney

fees to the prevailing party. Accordingly, attorney fees, as well as costs, are awarded to Stuckenbrock in an amount to be determined under Idaho Appellate Rules 40 and 41.

## CONCLUSION

We affirm the district court's orders denying Viafax's motion to set aside the judgment and denying Viafax's request for a trial setting. Costs and attorney fees to respondent Stuckenbrock.

Chief Judge PERRY and Judge Pro Tem SWANSTROM, concur.