**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39745**

| | | |
|---|---|---|
| **DANIEL LEE DIXON,** | ) | **2014 Opinion No. 73** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: September 8, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Order denying petition for post-conviction relief, <u>affirmed</u>; order denying Rule 60(b)(6) motion, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GRATTON, Judge

Daniel Lee Dixon appeals from the denial of his petition for post-conviction relief and the denial of his Idaho Rule of Civil Procedure 60(b)(6) motion for relief from judgment. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, Dixon was tried and convicted for lewd conduct with a minor under sixteen, first degree kidnapping, misdemeanor possession of drug paraphernalia, and misdemeanor malicious injury to property. The incident occurred at a Coeur d'Alene park and involved Dixon grabbing a twelve-year-old girl, taking her to the side, placing her on his lap, and touching her vagina.

1

Dixon's trial was held in a courtroom in the Kootenai County Public Safety Building (safety building), the building that also houses the county jail.[1] The safety building is a concrete building surrounded by tall fences and razor wire. Jurors enter the building through heavily-tinted doors and enter the courtroom by passing through a security booth protected by thick bulletproof glass. To get through security, the jurors must speak to jail staff through an intercom. Inside the courtroom, the jury box is shielded on the left by thick glass, which is presumably to protect the jury from inmates entering the courtroom from the side entrance. The safety building is located roughly three miles away from the majority of the other courtrooms utilized by the county.

At trial, Dixon testified in detail about an injury to his arm and his physical limitations resulting from the injury. Dixon's defense was that he was unable to lift the victim as she described due to the injury, and that another individual at the crowded Coeur d'Alene park committed the crime. Dixon filed an appeal of his sentences, which this Court reviewed and affirmed in an unpublished opinion. Dixon subsequently filed a petition for post-conviction relief. He alleged, relevant to this appeal, that his trial counsel was ineffective for failing to object to the trial being held in the same building as the county jail, and for failing to obtain an expert witness to corroborate his defense. The district court denied Dixon's petition for post-conviction relief after holding an evidentiary hearing. Dixon filed an untimely appeal. He then filed a successive petition for post-conviction relief; however, the State subsequently stipulated to a re-entry of judgment to allow a timely appeal of his initial petition. After his post-conviction claim was denied, Dixon also filed an I.R.C.P. 60(b)(6) motion for relief from judgment. The district court denied the motion. Dixon timely appeals.

## II.

## ANALYSIS

### A. Claims of Ineffective Assistance of Counsel

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675,

---

[1]     The Idaho Supreme Court took judicial notice of an affidavit of attorney Staci Anderson, and documents submitted by Dixon that provided a limited description of the Kootenai County Safety Building's appearance.

677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### 1. Trial within the safety building

Dixon argues he received ineffective assistance of counsel when his attorney failed to object to his trial being held in the courtroom located in the same building as the county jail. The Sixth Amendment to the United States Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." Additionally, a defendant has the right to a fair trial guaranteed by the Fourteenth Amendment. *Estelle v. Williams*, 425 U.S. 501, 503 (1976); *State v. Alvarez*, 138 Idaho 747, 749, 69 P.3d 167,

169 (Ct. App. 2003). "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle*, 425 U.S. at 503. The United States Supreme Court has previously identified situations where a criminal defendant may be denied a fair trial by certain practices. *See id*. at 504-505 (forcing a defendant to wear prison clothing at trial); *Illinois v. Allen*, 397 U.S. 337, 344, (1970) (shackling a defendant during trial).

Dixon argues that holding his trial in a courtroom inside the same building as the county jail constantly reminded the jury of Dixon's alleged dangerousness, and deprived the proceeding of dignity and neutrality essential to the trial process. Dixon relies on several state court cases holding that a criminal trial conducted within a prison may violate due process. *See State v. Lane*, 397 N.E.2d 1338, 1340 (Ohio 1979) (conducting a trial within a prison violates a defendant's right to a fair trial); *State v. Cavan*, 98 P.3d 381, 389 (Or. 2004) (holding under the Oregon Constitution that it is a violation of a defendant's right to an impartial jury to have a trial within a prison); *Harper v. State*, 887 So. 2d 817, 826 (Miss. Ct. App. 2004) (holding that "there are rare circumstances that may justify a trial being held inside the confines of a prison"); *State v. Daniels*, 40 P.3d 611, 616 (Utah 2002) (requiring trial courts to examine whether a trial within a prison violates the right to fair trial).[2] These cases, which predate the trial in this case, are specific to trials in prisons, not county jail facilities.

Dixon also relies on a Washington Supreme Court case, *State v. Jaime*, 233 P.3d 554, 558 (Wash. 2010) where, on direct appeal, the divided Court held that under due process "trial courts are obligated to undertake a careful analysis of the facts of the situation to determine whether the extraordinary measure [of holding a trial in a jailhouse] is warranted." *See also id.* at 562, (Justice Fairhurst dissenting) ("[T]here simply is no basis to conclude that the practice of

---

[2] Several state courts have examined whether holding a trial within a prison is a deprivation of a public trial. *See Bright v. State*, 875 P.2d 100, 110 (Alaska Ct. App. 1994) (conducting the trial within a prison violated defendant's "right to a public trial under the United States Constitution and the Alaska Constitution"); *Lilly v. State*, 365 S.W.3d 321, 333 (Tex. Crim. App. 2012) ("Appellant satisfied his burden to show that his trial [held in prison] was not open to the public . . . ."); *Vescuso v. Com.*, 360 S.E.2d 547, 552 (Va. Ct. App. 1987) ("holding the trials in the prison courtroom, a courtroom effectively closed to the public, was not supported by specific findings of an overriding public interest, and therefore, was an infringement of their right to a public trial"). Dixon did not raise this argument below or on appeal.

4

conducting trials in a jail building courtroom is always and inherently prejudicial."); *id.* at 565 (Justice J.M. Johnson dissenting) ("Jails and courtrooms were--and, in approximately one-third of Washington counties, still are--located in the same county courthouses for reasons of convenience and fiscal economy."), *and see id.* at 559 (Justice Alexander concurring) (responding to Justice J.M. Johnson and noting that in most counties where the courtroom and jail are attached "the jail has been kept completely separate from the portion of the courthouse that contained courtrooms and other county offices"). The Court remanded for a new trial because the record did not support the decision to hold the trial within the jail, and the trial court considered the convenience of holding the trial in the jail, which the Court deemed an impermissible factor to consider.

Here, the district court concluded that the failure to object to the trial being held at the safety building was not objectively unreasonable. The district court reasoned that the law was not sufficiently clear on whether, at the time of Dixon's trial, an attorney should have known there was a basis to object. Additionally, *State v. Jaime*, the case predominantly relied on by Dixon below and now on appeal, was not published until roughly four years after his conviction. The court also noted that Dixon's expert witness, who testified at the post-conviction hearing, indicated that Dixon's attorney should have objected because "now" the case law exists that this may be a violation. Dixon's trial attorney also testified to the lack of authority at the time of Dixon's trial in answering why no objection was made, explaining that at "the time there was no legal basis to do so." The district court further noted that no other attorneys in the county objected during the numerous trials previously held in the safety building.[3] Indeed, in her affidavit, Ms. Anderson states that she represented numerous clients in jury trials in the building without indicating she ever objected, or that it was ineffective to not do so. We agree with the district court's analysis. Given the state of the law at the time of Dixon's conviction, with no Idaho precedent or other case law dealing with holding a trial within a jail, we cannot say it is objectively unreasonable for an attorney to have failed to object. *See Hoskins v. State*, 149 Idaho 815, 818, 242 P.3d 185, 188 (Ct. App. 2010) ("The Sixth Amendment entitles criminal

---

[3] Dixon correctly points out that a common practice of unconstitutional behavior does not make that practice objectively reasonable. However, the significance of no other attorneys objecting supports that at the time of Dixon's trial, the law was not sufficiently established to demonstrate that an attorney was deficient for failing to object to holding the trial in the safety building.

defendants to reasonably competent counsel, but not perfect or prescient counsel."). Because we hold that Dixon failed to show that his trial counsel provided deficient representation, we need not address whether Dixon suffered prejudice, or decide whether holding a trial within a jail facility violates due process.[4]

### 2. Expert witness

Dixon also argues counsel was deficient for failing to obtain an expert witness to corroborate his inability to pick up the victim due to his injury. Determining whether an attorney's pretrial preparation falls below a level of reasonable performance constitutes a question of law, but is essentially premised upon the circumstances surrounding the attorney's investigation. *Thomas v. State*, 145 Idaho 765, 769, 185 P.3d 921, 925 (Ct. App. 2008). To prevail on a claim that counsel's performance was deficient, a petitioner must establish that the inadequacies complained of would have made a difference in the outcome of trial. *Id.* It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

Dixon argues his trial counsel should have obtained an expert witness who would have testified that at the time of the offense, Dixon would not have been able to pick up the victim in the manner she described. A local attorney testified at the post-conviction hearing that the corroborating testimony from an expert witness was fairly crucial to establish Dixon's defense of mistaken identity. Dixon also argues the expert testimony would have made a difference because at the time of the incident his injury was more predominant, and the victim testified she did not notice any markings on his arm, there were hundreds of people in the area, and there were multiple ways to reach the location where the incident occurred.

The district court denied this claim based on Dixon's failure to submit any evidence at the post-conviction hearing to support his contention.[5] The district court explained:

> No expert evidence was presented at Dixon's post conviction trial. It would be speculative to conclude that such evidence exists or what any such expert might have concluded. Without admissible evidence as to what the witness would have said, Dixon's claim that his counsel was deficient in failing to call the witness

---

[4] Though we do not decide the issue of constitutionality, we note our concern with holding a criminal jury trial within the confines of a jail without an appropriate justification.

[5] The district court also denied Dixon's claim because Dixon's attorney indicated that it was Dixon's choice not to obtain an expert in order to have his trial as soon as possible.

does not pass either prong of the *Strickland* test. *Thomas v. Idaho*, 145 Idaho 765, 185 P.3d. 921 (Ct. App. 2008). Dixon has failed in his burden of proof on this issue.

Dixon argues that his own testimony offered at trial was sufficient to establish his post-conviction claim that his trial counsel should have obtained an expert witness. However, "[i]t is not enough to allege that a witness would have testified to certain events, or would have rebutted certain statements made at trial, without providing through affidavit, nonhearsay evidence of the substance of the witnesses' testimony." *Thomas*, 145 Idaho at 770, 185 P.3d at 926. Dixon's trial testimony may have established that an expert witness could have been pursued; however, it does not cure Dixon's failure to present evidence as to what an expert would have testified to in order to support his defense. The district court properly dismissed Dixon's claim for failing to present admissible evidence that would support the claim.

**B.     Rule 60(b)(6)**

Dixon argues the district court abused its discretion in denying his motion for relief under I.R.C.P. 60(b)(6); the rule authorizes modification of a judgment for "any other reason justifying relief from the operation of the judgment." We review a trial court's dismissal of a Rule 60(b)(6) motion for relief for abuse of discretion. *Berg v. Kendall*, 147 Idaho 571, 578, 212 P.3d 1001, 1008 (2009). "[A]lthough the court is vested with broad discretion in determining whether to grant or deny a Rule 60(b)[(6)] motion, its discretion is limited and may be granted only on a showing of 'unique and compelling circumstances' justifying relief." *Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996) (quoting *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990)). "The appellate courts of this state have infrequently granted relief under Rule 60(b)(6)." *Berg*, 147 Idaho at 578, 212 P.3d at 1008.

In an attempt to cure the lack of evidence submitted at the post-conviction hearing, Dixon submitted an affidavit from a physical therapist indicating he could not have made any quick movements or lifted any significant weight with the type of injury he suffered at the time of the incident.[6] He also argues for the first time on appeal that his post-conviction counsel's failure to

---

[6]     Dixon did not attempt to provide evidence from the surgeon or physical therapist that treated him.

submit medical evidence at the post-conviction hearing qualifies as a compelling circumstance that would justify considering the physical therapist's affidavit.[7]

Dixon relies on *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010). In that case, the Idaho Supreme Court concluded that "[g]iven the unique status of a post-conviction proceeding, and given the complete absence of meaningful representation in the only available proceeding for Eby to advance constitutional challenges to his conviction and sentence, we conclude that this case may present the 'unique and compelling circumstances' in which I.R.C.P. 60(b)(6) relief may well be warranted." *Id.* at 737, 228 P.3d at 1004. However, as the State points out, in that case the petitioner was denied the ability to present his post-conviction claim due to the lack of any representation from multiple attorneys over several years. Unlike that case, Dixon's post-conviction attorney presented his claim, and represented him at an evidentiary hearing. While there may have been a fatal evidentiary gap at the post-conviction trial, Rule 60(b)(6) does not provide an avenue to retry the case or supplement the evidence. The circumstances of Dixon's case do not rise to the level of unique and compelling circumstances, and the district court did not abuse its discretion in denying the Rule 60(b)(6) motion. This is true even if we consider that Dixon's post-conviction counsel failed to present evidence at the post-conviction hearing as to one of the claims.

### III.
### CONCLUSION

Dixon has failed to show his trial attorney provided ineffective assistance of counsel. Dixon has also failed to show the district court erred in denying his Rule 60(b)(6) motion. Therefore, the denial of Dixon's claim for post-conviction relief and the denial of his Rule 60(b)(6) motion are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[7] Dixon did not argue ineffective assistance of post-conviction counsel below. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).