**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43508**

| | | |
|---|---|---|
| EVIN DEVAN, | ) | 2017 Opinion No. 29 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 9, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order denying motion for relief from post-conviction judgment, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Evin Devan appeals from the district court's order denying his motion for relief from post-conviction judgment pursuant to Idaho Rule of Civil Procedure 60(b). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A judgment of conviction was entered against Devan after a jury found him guilty of conspiracy to commit burglary, Idaho Code §18-1701; burglary, I.C. § 18-1401; and misdemeanor trespassing, I.C. § 18-7011. Devan appealed and in an unpublished decision this Court affirmed the conviction. *State v. Devan*, Docket No. 39853 (Ct. App. Nov. 7, 2013). Devan filed a petition for post-conviction relief alleging that counsel in the underlying case was ineffective for failing to secure witnesses, failing to object, and failing to investigate a defense.

1

Devan also asserted there was new evidence in the case. The State filed a motion for summary dismissal, which the district court subsequently granted. Devan filed a notice of appeal.[1]

Devan filed a pro se motion and memorandum for relief from judgment or order under I.R.C.P. 60(b)(6). In his motion, Devan claimed that he was entitled to relief from the order dismissing his petition for post-conviction relief as there had been an absence of meaningful representation by his appointed counsel, and Devan had a meritorious claim. Devan argued that his post-conviction counsel failed to submit evidence that would have withstood summary dismissal; specifically, an affidavit by Mr. Jones which Devan believed established an alibi for his underlying convictions. Further, Devan asserted that his appointed counsel failed to file an amended petition or a response to the State's motion for summary dismissal, and that counsel did not inform Devan that the State had filed a motion for summary dismissal. Counsel was appointed to replace the post-conviction counsel against whom Devan directed the allegations. After a hearing, the district court denied Devan's motion for relief. Devan timely appeals.

## II.

## ANALYSIS

Devan argues that the district court erred in denying his Rule 60(b)(6) motion. Devan asserts the district court abused its discretion in finding that there was not a complete absence of meaningful representation by his post-conviction counsel. Further, Devan asserts the district court impermissibly addressed the credibility of the proffered evidence in determining that it did not constitute a meritorious claim.

Idaho Rule of Civil Procedure 60(b) gives the district court authority to grant relief from a judgment in limited circumstances. The Rule states, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (6) any other reason that justifies relief."

A trial court enjoys broad discretion when deciding whether to grant relief pursuant to I.R.C.P. 60(b).

> A trial court's decision whether to grant relief pursuant to I.R.C.P. 60(b) is reviewed for abuse of discretion. The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the

---

[1] The Idaho Supreme Court suspended Devan's appeal of the district court's summary dismissal of his petition for post-conviction relief pending the ruling on his motion for relief from post-conviction judgment.

boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. Those factual findings will be upheld unless they are clearly erroneous. If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion.

*Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010) (quoting *Waller v. State, Dep't of Health & Welfare*, 146 Idaho 234, 237-38, 192 P.3d 1058, 1061-62 (2008)).

On appeal, Devan argues that the district court abused its discretion in denying his motion for relief under I.R.C.P. 60(b)(6) because he was prejudiced by an absence of meaningful representation by his appointed counsel and demonstrated a potentially meritorious defense. Devan argues that his case rises to the level of "unique and compelling circumstances" found in *Eby*. In *Eby*, the petitioner's case received "shocking and disgraceful neglect" by a series of attorneys appointed to represent him. *Eby*, 148 Idaho at 732, 228 P.3d at 999. The petitioner's third appointed attorney filed a motion pursuant to I.R.C.P. 60(b) to set aside a previous dismissal for inactivity pursuant to I.R.C.P. 41(e).[2] On appeal, the Idaho Supreme Court noted that a petitioner could not claim ineffective assistance of counsel in a post-conviction proceeding, as there is no constitutional right to counsel in such proceedings. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. However, the Court recognized that the Uniform Post-Conviction Procedure Act is the exclusive means for challenging the validity of a conviction or sentence other than by direct appeal. *Id.* As a result, the Court concluded that given the unique status of a post-conviction proceeding and the complete absence of meaningful representation, the case possibly presented the "unique and compelling circumstances" in which Rule 60(b)(6) relief was potentially warranted. *Eby*, 148 Idaho at 737, 228 P.3d at 1004. The Court then vacated and remanded the case to the trial court to use its discretion to determine if Eby should be granted relief under Rule 60(b)(6). *Eby*, 148 Idaho at 737, 228 P.3d at 1004.

Devan's reliance on *Eby* is misplaced. In denying Devan's motion, the district court distinguished *Eby* because Devan acknowledged "multiple contacts between [Devan] and his counsel's office reflecting ongoing communications" and also "a meeting between [Devan] and counsel wherein the affidavit of Mr. Jones . . . was discussed." Further, the district court noted at the hearing on the motion for summary dismissal, Devan's post-conviction counsel indicated that

[2] Idaho Rule of Civil Procedure 41(e) was adopted and renumbered in 2016.

3

he had met with Devan but "was unable to find any meritorious claims." Thus, the district court found that "there was communication between counsel and [Devan], specifically there was communication regarding the potential alibi, and that counsel considered this information and determined that there was no meritorious claim." The district court concluded that "there was sufficient communication between the parties and consideration of the issue by counsel that there was not a complete lack of meaningful representation." We agree.

The circumstances of Devan's case do not rise to the level of unique and compelling circumstances found in *Eby*. This is true even if we consider that Devan's post-conviction counsel failed to file a response to the State's motion to dismiss or to present evidence at the hearing on the State's motion to dismiss. Devan's motion does not allege a complete absence of post-conviction representation, nor does the record support such a finding. Devan's post-conviction counsel met with Devan, reviewed the case to determine whether to file an amended petition with knowledge of the Jones affidavit, and appeared at the summary dismissal hearing on Devan's behalf.

A post-conviction petitioner is not entitled to the effective assistance of post-conviction counsel, and thus, "petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). We do not read *Eby* to open the door to challenge the effectiveness of post-conviction counsel by virtue of a Rule 60(b) motion. In *Eby*, the case was dismissed for inactivity, pursuant to I.R.C.P. 41(e), after over four years and several attorneys who did nothing but attempt to forestall such dismissal. *Eby*, 148 Idaho at 733, 228 P.3d at 1000. Only after the petition was dismissed did yet another lawyer make any attempt to advance a claim. *Id*. at 733-34, 228 P.3d at 1000-01. Our Supreme Court's reference to "the complete absence of meaningful representation" reflected these "unique and compelling circumstances." *Id*. at 737, 228 P.3d at 1004.[3]

Unlike the petitioner in *Eby*, Devan did not experience a "complete absence of meaningful representation." *Eby*, 148 Idaho at 737, 228 P.3d at 1004. Devan's dissatisfaction with his post-conviction counsel's performance does not constitute the unique and compelling

---

[3] We hasten to add, however, that even though a post-conviction petitioner is not entitled to the effective assistance of post-conviction counsel, such does not relieve post-conviction counsel of his or her obligations in representing his or her client.

circumstances required before a court may grant relief under I.R.C.P. 60(b).[4] The district court did not err in denying Devan's Rule 60(b) motion.

## III.

## CONCLUSION

Devan failed to demonstrate that the district court abused its discretion in denying his Rule 60(b) motion. The district court's denial of the motion for relief from post-conviction judgment is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

---

[4] Devan further cites to *Martinez v. Ryan*, 566 U.S. 1 (2012); *see also Trevino v. Thaler*, ___ U.S. ____, 133 S. Ct. 1911 (2013) as cases which "emphasize the importance of a defendant's rights to a full and fair opportunity to bring ineffective assistance of trial counsel claims on post-conviction." However, *Martinez* and *Trevino* create narrow exceptions for overcoming procedural bars in a federal habeas corpus proceeding and simply do not apply to a state post-conviction case.