**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47825**

| | |
|---|---|
| LLOYD HARDIN MCNEIL,<br><br>　　　　Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: June 1, 2021**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying Idaho Rule of Civil Procedure 60(b) motion for relief from judgment, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Lloyd Hardin McNeil appeals from the district court's order denying his Idaho Rule of Civil Procedure 60(b)(6) motion following the summary dismissal of his petition for post-conviction relief. McNeil asserts that the district court erred by finding that his Rule 60(b)(6) motion was untimely and that he did not establish unique and compelling circumstances to support his claims for relief. Because the district court did not abuse its discretion in either determination, the order denying McNeil's Rule 60(b)(6) motion is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, a jury found McNeil guilty of voluntary manslaughter, arson, and grand theft, and the district court imposed a cumulative, unified sentence of fifty-four years, with twenty-five years determinate. McNeil appealed and this Court affirmed his judgment

1

of conviction. *State v. McNeil*, 155 Idaho 392, 313 P.3d 48 (Ct. App. 2013). Thereafter, McNeil filed a petition for post-conviction relief and the district count appointed McNeil post-conviction counsel. The State moved for summary disposition, McNeil's post-conviction counsel opposed the motion, and the district court filed a notice of its intent to dismiss the case. McNeil's post-conviction counsel responded to the district court's notice and included multiple affidavits, declarations, and portions of transcripts which he believed were relevant to the district court's reasons for issuing the notice of intent to dismiss. Throughout the post-conviction proceedings, McNeil repeatedly expressed his dissatisfaction with his post-conviction counsel and requested new representation. The district court denied McNeil's requests. Ultimately, the district court dismissed McNeil's petition for post-conviction relief. McNeil timely appealed.

While McNeil's appeal of the summary dismissal of his post-conviction action was pending, McNeil filed a motion for relief from summary dismissal in the district court pursuant to Rule 60(b)(6). McNeil argued the district court should relieve him from the judgment summarily dismissing his post-conviction petition because his post-conviction counsel did not provide meaningful representation during the proceedings. McNeil alleged that unique and compelling reasons existed to set aside the judgment; his post-conviction counsel filed a "shell" petition for post-conviction relief, failed to investigate the record or initiate discovery, and created a post-conviction record devoid of pleadings or filings sufficient to address the merits of the alleged constitutional violations that occurred in McNeil's underlying criminal case. McNeil filed a supporting declaration that clarified what McNeil believed trial counsel should have done, but did not, during the underlying criminal case.

The district court found that McNeil did not file his Rule 60(b)(6) motion within a reasonable time because McNeil did not file his motion for more than a year after the court entered its judgment, even though McNeil knew the basis of the motion at the time of summary dismissal. Alternatively, the district court found that even if McNeil had filed the Rule 60(b)(6) motion within a reasonable period of time, McNeil did not allege any facts to establish unique and compelling circumstances to justify relief. Accordingly, the district court denied McNeil's Rule 60(b)(6) motion.[1] McNeil timely appeals.

---

[1] Before the district court entered its order denying McNeil's motion for Rule 60(b) relief, this Court issued a decision affirming the district court's summary dismissal of McNeil's petition

2

## II.

### STANDARD OF REVIEW

A trial court's decision whether to grant relief pursuant to Rule 60(b) is reviewed for an abuse of discretion. *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. *Andrus v. State*, 164 Idaho 565, 567, 433 P.3d 665, 667 (Ct. App. 2019). Idaho appellate courts will uphold those factual findings unless they are clearly erroneous. *Id.* If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion. *Id.*

## III.

### ANALYSIS

McNeil alleges the district court abused its discretion by denying his Rule 60(b)(6) motion because it did not reach its decision through an exercise of reason. First, McNeil asserts that he filed his Rule 60(b)(6) motion within a reasonable period of time and, second, that he established unique and compelling circumstances for relief. In response, the State contends the district court did not abuse its discretion in either determination and, accordingly, did not err in denying McNeil's Rule 60(b)(6) motion.

There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Schultz v. State*, 159 Idaho 486, 488, 362 P.3d 561, 563 (Ct. App. 2015). As such, ineffective assistance of prior post-conviction counsel is not a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). However, pursuant to Rule 60(b)(6), a trial court may relieve a

---

for post-conviction relief. *McNeil v. State*, Docket No. 45766 (Ct. App. Oct. 8, 2019) (unpublished).

party from a final judgment for any reason that justifies relief, including the complete absence of meaningful representation during a post-conviction proceeding. *Andrus*, 164 Idaho at 568, 433 P.3d at 668.

**A.   The District Court Did Not Abuse Its Discretion by Finding McNeil's Motion Was Untimely**

McNeil argues that the district court abused its discretion when it found he did not file his Rule 60(b)(6) motion within a reasonable time. McNeil does not dispute that he was aware of the facts underlying the arguments raised in his Rule 60(b)(6) motion prior to the district court's summary dismissal of his petition for post-conviction relief. Nonetheless, he argues that it was reasonable to wait one year and twenty-eight days after the dismissal of his petition to file his Rule 60(b)(6) motion and, therefore, the district court did not reach its decision that the motion was untimely through an exercise of reason.

A petitioner must make a Rule 60(b)(6) motion within a "reasonable time." I.R.C.P. 60(c). "What constitutes a reasonable time depends upon the facts in each individual case." *Viafax Corp. v. Stuckenbrock*, 134 Idaho 65, 70, 995 P.2d 835, 840 (Ct. App. 2000). Thus, the "question of what is a reasonable time under Rule 60(b) is a question of fact to be resolved by the trial court." *Id.* at 71, 995 P.2d at 841. We defer to findings of fact that are not clearly erroneous. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). When assessing the timeliness of a Rule 60(b)(6) motion, it is reasonable for a trial court to consider when a petitioner becomes aware of facts or legal precedent that supports the motion and what justifications he offers to explain a delay in its filing. *See Pizzuto v. State*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2021) (holding where petitioner knew of legal basis for claim, waiting several years to file 60(b) motion was unreasonable); *Viafax Corp.*, 134 Idaho at 71, 995 P.2d at 841 (holding without petitioner offering excuse for delay, district court's finding that five-month delay was unreasonable was not clearly erroneous).

Here, the district court found that McNeil did not file his Rule 60(6)(b) motion within a reasonable time and this finding was made through an exercise of reason. The district court noted its discretionary authority and found that while McNeil was aware of the facts underlying his Rule 60(b) motion when the court dismissed his petition for post-conviction relief, he still waited more than a year to file the motion. The record supports these findings. The bases for McNeil's motion are the same arguments he raised during the pendency of his post-conviction proceedings; thus, he was aware of them at the time his post-conviction petition was dismissed.

4

Notwithstanding this, McNeil waited nearly thirteen months to file his Rule 60(b) motion and provided no explanation or reason for the delay.

McNeil argues it was reasonable to wait one year and twenty-eight days to file the Rule 60(b)(6) petition because: (1) pursuant to Idaho Code § 19-4902(a) a petitioner has one year and forty-two days to file an initial petition for post-conviction relief; and (2) his appeal of the district court's judgment was still pending when he filed the motion. We disagree.

First, there is nothing in Rule 60 that relates the time for filing a Rule 60(b) motion to the time for filing a petition for post-conviction relief. In fact, in contrast to the statute of limitation for post-conviction petitions, Rule 60(b)(1), (2), and (3) require a petitioner to file the motion "no more than 6 months after the entry of the judgment or order or the date of the proceeding." I.R.C.P. 60.

Second, McNeil's pending appeal of the summary dismissal of his post-conviction petition does not make his almost thirteen-month delay in filing his Rule 60(b)(6) motion reasonable. McNeil argues the time limit to file a Rule 60(b)(6) motion should be stayed when an appeal of a summary dismissal of a post-conviction petition is pending because it would promote judicial economy as a Rule 60(b)(6) motion could be rendered moot by a favorable outcome on appeal. However, this argument cuts both ways; a favorable outcome on a timely filed Rule 60(b)(6) motion may also moot the need for an appeal. Similarly, the timely filing of a Rule 60(b)(6) motion promotes judicial economy because it may allow a denial of a Rule 60(b)(6) motion to be part of an appeal from the dismissal of the post-conviction petition rather than an additional, separately filed appeal. Accordingly, the district court did not abuse its discretion by finding McNeil's approximately thirteen-month delay in filing his Rule 60(b)(6) motion was unreasonable.

**B.** **The District Court Did Not Abuse Its Discretion By Finding That McNeil's Rule 60(b)(6) Motion Did Not Present Unique and Compelling Circumstances to Justify Relief**

McNeil alleges the district court abused its discretion by finding that he did not establish unique and compelling circumstances to justify relief pursuant to Rule 60(b)(6). McNeil acknowledges that his post-conviction counsel participated in pleadings and appearances throughout the pendency of the post-conviction action, but maintains counsel did not provide meaningful representation on twelve of his fifteen post-conviction claims, thus constituting unique and compelling circumstances to warrant relief.

5

Although the trial court is vested with broad discretion in determining whether to grant or deny a Rule 60(b)(6) motion, its discretion is limited and may be granted only on a showing of unique and compelling circumstances justifying relief. *Eby*, 148 Idaho at 736, 228 P.3d at 1003. Consequently, Idaho appellate courts have infrequently found reason to grant relief under the rule. *Id.* at 737, 228 P.3d at 1004; *see also Dixon v. State*, 157 Idaho 582, 587, 338 P.3d 561, 566 (Ct. App. 2014). A trial court should carefully evaluate a Rule 60(b)(6) motion "so that the narrow circumstance in which it applies does not become the rule instead of the exception." *Andrus*, 164 Idaho at 569, 433 P.3d at 669.

When determining whether unique and compelling circumstances exist in a post-conviction case, courts will assess whether there was a complete absence of meaningful representation during the post-conviction proceedings. *Id.* Although a petitioner does not need to establish years of shocking or disgraceful neglect by post-conviction counsel to avail himself of Rule 60(b)(6) relief, relief is not available where counsel performs some duties such that the claims have been reviewed or counsel participates by pleading or appearance. *Id.* at 569, 433 P.3d at 669; *see also Devan v. State*, 162 Idaho 520, 523, 399 P.3d 847, 850 (Ct. App. 2017) (holding that post-conviction counsel's failure to file response to State's motion to dismiss does not constitute absence of meaningful representation when counsel met with petitioner, reviewed case, and appeared at summary dismissal hearing); *Bias v. State*, 159 Idaho 696, 707, 365 P.3d 1050, 1061 (Ct. App. 2015) (holding because petitioner's post-conviction counsel filed responsive briefing and supporting affidavits after State's summary dismissal motion, he did not experience complete absence of meaningful representation needed to constitute unique and compelling circumstances); *Dixon*, 157 Idaho at 587-88, 338 P.3d at 566-67 (holding fatal evidentiary gap at post-conviction trial and post-conviction counsel's failure to present evidence to support all claims at hearing did not rise to level of unique and compelling circumstances because counsel presented petitioner's claim and represented him at evidentiary hearing).

In contrast, a petitioner shows a complete absence of meaningful representation when the record is devoid of any substantive pleadings or filings by post-conviction counsel. *See Andrus*, 164 Idaho at 570, 433 P.3d at 670. For example, in *Eby*, the petitioner's post-conviction counsel failed to file any response to the court's issuance of no fewer than five notices of its intention to dismiss his case for inactivity pursuant to I.R.C.P. 40(c). *Eby*, 148 Idaho at 733, 228 P.3d at 1000. After the district court dismissed the case under Rule 40(c), the petitioner's fourth post-conviction

attorney sought relief under Rule 60(b), which the court denied. *Id.* at 734, 228 P.3d at 1001. On appeal, the Idaho Supreme Court reiterated that petitioners do not have a right to effective assistance of post-conviction counsel. *Id.* at 737, 228 P.3d at 1004. However, the Court held that given the complete absence of meaningful representation in the only available proceeding for the petitioner to advance a constitutional challenge to his conviction and sentence and the unique status of a post-conviction proceeding, the facts in *Eby* may present the unique and compelling circumstances to warrant Rule 60(b)(6) relief. *Id.*

Here, the post-conviction court found that, unlike *Eby*, McNeil had not established unique and compelling circumstances to justify Rule 60(b)(6) relief. A review of the record supports this finding. Throughout the post-conviction proceeding, McNeil's post-conviction counsel attended status conferences and hearings, moved for an additional status conference and preparation of relevant transcripts, and retained a private investigator to investigate factual matters that were relevant to McNeil's claims. Further, McNeil's counsel filed relevant documents, including two amended petitions, a response to the State's motion for summary disposition, a response to the district court's notice of intent to dismiss, an objection to the State's discovery request, supplemental points and authorities to support McNeil's amended petitions, and various affidavits and declarations to support McNeil's claims. Given all of this activity by post-conviction counsel, McNeil cannot establish a complete absence of meaningful representation.

Although McNeil argues that his post-conviction counsel did not address all of his claims for relief, this assertion is not supported by the record. Post-conviction counsel set forth all of McNeil's claims in both amended petitions, and in pleadings filed in response to the State's motion for summary dismissal and the district court's notice of intent to dismiss. Further, the fact that post-conviction counsel did not present evidence to support all of petitioner's post-conviction claims does not necessitate a finding of unique and compelling circumstances to support relief under Rule 60(b)(6). *See Dixon*, 157 Idaho at 587-88, 338 P.3d at 566-67. Similarly, McNeil's dissatisfaction with his post-conviction counsel's performance does not constitute the unique and compelling circumstances required before a trial court may grant relief under Rule 60(b)(6). *See Bias*, 159 Idaho at 707, 365 P.3d at 1061. Therefore, because McNeil was not entitled to relief under Rule 60(b)(6), we affirm the district court's denial of McNeil's Rule 60(b)(6) motion.

7

## IV.

## CONCLUSION

The district court did not abuse its discretion by finding that McNeil's Rule 60(b)(6) motion was not brought within a reasonable time and did not establish unique and compelling circumstances to justify relief. Accordingly, the district court's denial of McNeil's Rule 60(b)(6) motion is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.