**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42498**

| | | |
|---|---|---|
| **MITCHELL JAMES BIAS,** | ) | **2015 Opinion No. 78** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 20, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order of the district court summarily dismissing petition for post-conviction relief, <u>affirmed in part</u>, <u>reversed in part</u>, and <u>case remanded</u>; order regarding petitioner's post-judgment motions, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Mitchell James Bias appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm in part, reverse in part, and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bias was found guilty of conspiracy to commit robbery and burglary. Idaho Code § 18-1701. He filed an appeal challenging his sentence, which this Court affirmed. *State v. Bias*, Docket No. 40870 (Ct. App. Feb. 25, 2014) (unpublished). While the appeal was pending, Bias filed a verified pro se petition and supporting affidavit for post-conviction relief. In his petition, he made numerous claims regarding ineffective assistance of trial counsel and prosecutorial misconduct. He then filed a motion for the appointment of counsel, which the district court

1

granted. In response to the State's answer and motion for summary dismissal of the petition for post-conviction relief, Bias's appointed counsel filed responsive briefing and additional supporting affidavits. After considering the parties' briefing and supporting materials, the district court granted the State's motion and entered a judgment of dismissal. The court dismissed all of Bias's ineffective assistance of counsel claims and his *Brady*[1] claim as bare and conclusory. It also dismissed Bias's claims of prosecutorial misconduct as waived.

Ten days after the court entered its judgment summarily dismissing his petition for post-conviction relief, Bias filed a pro se "Motion to Set Aside Judgment to Dismiss Petitioner's Post-Conviction Petition." In deciding whether to treat Bias's ambiguous motion under Idaho Rule of Civil Procedure 59(e) or 60(b), the court considered the substance of the motion. The majority of Bias's motion consisted of arguments opposing the court's legal conclusions as to his post-conviction petition. But, it also contained allegations that Bias had received ineffective assistance of post-conviction counsel. The court acknowledged that although Bias's allegations of ineffective assistance of post-conviction counsel "could be construed as new information," the allegations were merely "extraneous" because such claims did not provide sufficient grounds for relief under existing case law. The court treated the motion as a motion to alter or amend the judgment under I.R.C.P. 59(e). The court then denied Bias's Rule 59(e) motion without a hearing based upon his failure to identify any legal or factual errors that occurred in the post-conviction proceeding. Bias timely appeals.

## II.

## ANALYSIS

Bias raises three issues on appeal: (1) whether the district court used the wrong legal standard to summarily dismiss his petition for post-conviction relief or, alternatively (2) whether the district court erred in summarily dismissing specific claims in the petition; and (3) whether the district court improperly treated his motion to set aside the judgment of summary dismissal as a Rule 59(e) motion.

### A. Summary Dismissal of Petition for Post-Conviction Relief

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.* Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-

3

conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Bias first asserts that the district court erred in its application of the appropriate legal standard in denying the petition, and therefore the dismissal must be reversed in its entirety. However, Bias has not provided the Court with any legal authority supporting the proposition that reversal of a summary dismissal in its entirety is appropriate where a court misapplies the appropriate legal standard to one or more claims within the petition. Consequently, he has waived this issue on appeal. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking.").

Bias next asserts, in the alternative, that the dismissal of specific claims within the petition was improper. We address those specific claims that Bias argues were improperly dismissed.

### 1. Prosecutorial misconduct

In his briefing, Bias argues that the district court improperly ruled that his claim of prosecutorial misconduct was waived because it was not raised on appeal. A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which

4

could have been raised on appeal may not be considered in post-conviction proceedings. *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App. 2009). To be granted post-conviction relief on an issue which could have been raised on direct appeal, but was not, a petitioner must show, on the basis of a substantial factual showing by affidavit, deposition, or otherwise, that "the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." I.C. § 19-4901(b); *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991).

In his petition, Bias challenged the prosecutor's trial conduct of demonstrating how his personal cell phone worked and vouching for the credibility of witnesses during closing arguments. The district court noted that even without trial counsel's contemporaneous objection to the prosecutor's conduct, Bias's appellate counsel could have raised the issue on appeal. In his petition, Bias did not present the district court with any evidence that the issue could not, in the exercise of due diligence, have been presented earlier. Instead, he now directs our attention to *Mintun v. State*, 144 Idaho 656, 168 P.3d 40 (Ct. App. 2007), suggesting that our holding in that case precludes the district court's conclusion that the issue was waived.

In *Mintun*, the petitioner challenged, through post-conviction proceedings, that his appellate counsel was ineffective for not raising certain issues on appeal. *Id.* at 662, 168 P.3d at 46. In affirming the district court's denial of that claim, we held that the proper way for a defendant to challenge an unpreserved trial error is to assert ineffective assistance of trial counsel in a post-conviction proceeding. *Id.* *Mintun* did not hold, even tangentially, that an unpreserved trial error itself can be raised in a post-conviction proceeding. *Id.* Thus, *Mintun* does not preclude the district court's conclusion that the issue of prosecutorial misconduct is waived. Because Bias presented no evidence as to why the issue could not have been presented on direct appeal, Bias has waived the issue. The district court properly dismissed the prosecutorial misconduct claim.

### 2. Ineffective assistance of trial counsel

Bias's remaining challenged claims are premised upon various allegations of ineffective assistance of trial counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was

5

prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). Bare assertions and speculation, unsupported by admissible evidence, will not suffice to show ineffectiveness of counsel. *Roman*, 125 Idaho at 649, 873 P.2d at 903.

(a)     **Impeachment of witness Lambert**

Bias first argues that his trial attorney's performance was deficient because he "failed to attack the credibility of [Robert] Lambert and other convicted felons" during trial. Bias contends that "had the Jury understood the history of Robert Lambert, the outcome of the Trial most likely would have been different." Bias's claim fails for several reasons. First, he does not provide the identities of the "other convicted felons," nor does he establish that evidence of Lambert's prior felony convictions would have been admissible pursuant to Idaho Rule of Evidence 609. And, as to the prejudice prong, Bias fails to explain how impeaching Lambert's testimony would have created a reasonable probability that the outcome of the trial would have been different. Because the court is not required to accept a petitioner's mere conclusory allegations, the district court did not err in determining Bias did not present a genuine issue of material fact on this claim.

(b)     **Testimony of attempted rape**

Bias next contends that his trial counsel was deficient in failing to object to, move for a mistrial after, or move to strike Lambert's testimony that Bias had raped or attempted to rape M.L. Bias argues that this testimonial evidence, offered in his trial for conspiracy to commit robbery and burglary, would have been inadmissible. In dismissing the claims surrounding the challenged testimony, the district court ruled that Bias did not present admissible evidence to support his "bare and conclusory" claims.

6

To justify an evidentiary hearing, a petitioner must provide factual evidence that would be admissible at the hearing. *Baldwin v. State*, 145 Idaho 148, 155, 177 P.3d 362, 369 (2008). A petitioner's factual allegations that are based upon personal knowledge are admissible when presented through a verified petition or a notarized affidavit. *See id.* In his verified petition and notarized affidavits, Bias attested to the substance of Lambert's trial testimony. Specifically, Bias stated "that my Trial counsel failed to object to Robert Lambert's statement at Trial concerning me attempting to rape [M.L.]" and that "such an inflammatory statement" "was highly prejudicial." The fact that the statement was made and that trial counsel did not object would be admissible at the hearing, as the facts were within Bias's personal knowledge and sufficiently attested to through sworn documents. Bias has presented admissible evidence in support of his ineffective assistance claim. Therefore, we turn to whether such evidence was sufficient to establish a prima facie case satisfying both prongs of the *Strickland* test.

Regarding the first prong of the *Strickland* analysis, counsel's failure to object to inadmissible evidence may constitute deficient performance. *State v. Pugsley*, 128 Idaho 168, 175, 911 P.2d 761, 768 (Ct. App. 1995). Therefore, this Court must first determine whether the evidence was inadmissible. Lambert's trial testimony implicates Idaho Rule of Evidence 404(b) as evidence of other bad acts. I.R.E. 404(b). In determining the admissibility of evidence of other bad acts, the Supreme Court utilizes a two-tiered analysis. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). The first tier requires finding (1) sufficient evidence to establish the prior bad act as fact; and (2) that the prior bad act is relevant to a material disputed issue concerning the crime charged, other than propensity. *Id.* The State does not argue, nor does the record support finding, that testimony regarding a rape or attempted rape was relevant to a material disputed issue concerning Bias's charge of conspiracy to commit robbery and burglary. Because the first tier is dispositive, we need not address the second tier. Thus, this testimony was likely inadmissible under Rule 404(b).

Regarding the second prong of the *Strickland* analysis, Bias must still show that he suffered prejudice as a result of counsel's deficiency. *Sheahan*, 146 Idaho at 105, 190 P.3d at 924. In his petition, Bias contended that the statement "was highly prejudicial" and "inflammatory." We agree, as we have previously held that I.R.E. 404(b) evidence is inherently prejudicial. *See, e.g.*, *State v. Parmer*, 147 Idaho 210, 221, 207 P.3d 186, 197 (Ct. App. 2009). Therefore, we conclude that Bias's pleadings and arguments were sufficient to raise a genuine

7

issue as to whether trial counsel's failure to object or move for a mistrial after Lambert's statements constituted ineffective assistance of counsel. The district court erred in summarily dismissing this claim.

### (c) Jury's view of Bias in prison jumpsuit

Bias also argues that his counsel was ineffective when he failed to move for a mistrial after "all jurors witnessed [him] being led to [the] courthouse in [his jail-issued] orange jumpsuit." He further attests that "at least one (1) juror saw [him] in [his] jail uniform and in shackles before [he] was able to change clothes at the Courthouse" and that he informed his counsel of the situation. In a post-conviction petition, to make a prima facie showing of ineffective assistance of counsel where the alleged deficiency is counsel's failure to move for a mistrial, the petitioner must allege facts that, if true, would have resulted in the court's granting of the motion. *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993). To prevail on a motion for a mistrial, Bias would have had to show that the jurors that allegedly saw him were empaneled on his jury and that he was actually prejudiced as a result. *State v. Slater*, 136 Idaho 293, 301-02, 32 P.3d 685, 693-94 (Ct. App. 2001).

As to this claim, the district court concluded that Bias had "not provided admissible evidence to show a reasonable probability that a motion for a mistrial on this basis would have been granted." As to the first requirement of a mistrial motion, Bias's allegation that jurors saw him in his jail uniform is a fact within his personal knowledge, to which he attested through sworn documents, and thus constitutes admissible evidence. *See Baldwin*, 145 Idaho at 155, 177 P.3d at 369. This fact, if true, constitutes a prima facie showing sufficient to justify an evidentiary hearing to determine whether the jurors that allegedly saw him were empaneled on his jury.

However, as to the second requirement, Bias does not allege that he was prejudiced by this situation nor does he present additional facts that would support such a presumption. A juror's inadvertent sighting of a defendant in jail attire or restraints outside of the courtroom is not so inherently prejudicial that it negates a petitioner's obligation to make a prima facie showing of *actual* prejudice. *State v. Hyde*, 127 Idaho 140, 148, 898 P.3d 71, 79 (Ct. App. 1995) (holding that defendant was not prejudiced when jurors witnessed him in full restraints in hallway); *see also State v. Hardy*, 283 P.3d 12, 23 (Ariz. 2012) (holding that because a juror's

8

inadvertent exposure to the defendant in restraints or jail garb outside the courtroom is not inherently prejudicial, the defendant must show actual prejudice).

Therefore, Bias has not made a prima facie showing as to the prejudice requirement for the district court to grant a mistrial. The court did not err in determining Bias did not present a genuine issue of material fact on this claim.

### (d)     Impeachment of witness Streling

Bias then argues that his counsel was ineffective for failing to impeach witness Streling regarding the discrepancy between his trial testimony and "his first statement to police about [Bias] staying with him for a couple of weeks." Whether to impeach a witness is a tactical decision. *State v. Yakovac*, 145 Idaho 437, 447, 180 P.3d 476, 486 (2008). Ordinarily, tactical decisions are not second-guessed on appeal unless they are shown to result from inadequate preparation, ignorance of the relevant law, or other objective shortcomings. *Howard*, 126 Idaho at 233, 880 P.2d at 263. It is the petitioner's affirmative duty to provide evidence that the decision was not a legitimate strategy. *Yakovac*, 145 Idaho at 447, 180 P.3d at 486. In his petition and supporting affidavits, Bias presents no admissible evidence suggesting that his counsel's failure to impeach Streling was the product of inadequate preparation, ignorance of relevant law, or some other shortcoming. Moreover, in trial counsel's affidavit, filed as part of the post-conviction proceeding, he indicates that he did not impeach Streling because he lacked a factual basis for doing so. Therefore, the district court did not err by summarily dismissing this claim.

### (e)     Cumulative error

Finally, Bias argues that the cumulative errors of trial counsel entitle him to post-conviction relief. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). A necessary predicate to the application of the doctrine is a finding of more than one error. *Id.* As explained above, Bias established only one error by the district court. Therefore, the cumulative error doctrine does not apply.

## B.     Motion to Set Aside Judgment

Finally, Bias contends that the district court improperly treated his pro se "Motion to Set Aside Judgment" as a motion to alter or amend a judgment under I.R.C.P. 59(e). He suggests that because his motion contained allegations of ineffective assistance of post-conviction

counsel, the court should have treated it as a motion for relief from judgment under I.R.C.P. 60(b).

When a movant files an ambiguously titled post-judgment motion, courts consider the substance of the motion to determine whether it is properly a Rule 59(e) or a Rule 60 motion. *Vierstra v. Vierstra*, 153 Idaho 873, 879, 292 P.3d 264, 270 (2012). A motion is most appropriately considered a motion to alter or amend a judgment pursuant to Rule 59(e) when it is filed within fourteen days of the entry of judgment and is premised solely upon information that was before the court at the time judgment was rendered. *Dunlap*, 141 Idaho at 58, 106 P.3d at 384; *Schultz v. State*, 155 Idaho 877, 883, 318 P.3d 646, 652 (Ct. App. 2013). Conversely, where a motion presents new information or issues for the court to consider, treatment as a motion for relief from judgment under Rule 60(b) is most appropriate. *Ross v. State*, 141 Idaho 670, 672, 115 P.3d 761, 763 (Ct. App. 2005).

Here, Bias's motion primarily contained arguments challenging the court's conclusions to his post-conviction claims. However, it also contained new information via allegations of ineffective assistance of post-conviction counsel. In treating Bias's motion under Rule 59(e), the district court disregarded the new information within the motion, reasoning that because those allegations were insufficient to establish grounds for relief under existing case law, it need not consider them. Regardless of whether new information or issues presented in an ambiguously titled post-judgment motion are sufficient to establish grounds for relief, a court should consider the motion as presenting new information and treat it as a Rule 60(b) motion. Therefore, the district court erred here by treating Bias's motion as a Rule 59(e) motion. However, where an order of the trial court is based on an erroneous legal theory, but is supported by a correct alternative legal theory, we will nonetheless uphold the trial court's decision. *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996). We therefore turn to whether Bias was entitled to relief under Rule 60(b).

Under Rule 60(b), a party may seek relief from a final judgment based upon mistake, surprise, or excusable neglect; newly discovered evidence; fraud; misrepresentation or misconduct; a void or satisfied judgment; or any other reason justifying relief from judgment. I.R.C.P. 60(b); *Ross*, 141 Idaho at 672, 115 P.3d at 763. But, Rule 60(b) is not an appropriate mechanism to bypass regular appellate procedure. *Dixon v. State*, 157 Idaho 582, 588, 338 P.3d 561, 567 (Ct. App. 2014) ("Rule 60(b)(6) does not provide an avenue to retry the case or

10

supplement the evidence."); *Ross*, 141 Idaho at 672, 115 P.3d at 763 (holding that petitioner's motion under Rule 60(b) was an improper substitute for an appeal where he "essentially asked the district court to reverse itself and rule in [his] favor"). A party must demonstrate "unique and compelling circumstances" justifying relief before a court may grant a Rule 60(b) motion. *Dixon*, 157 Idaho at 587, 338 P.3d at 566.

Bias argues that the Idaho Supreme Court's holding in *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010), establishes that ineffective assistance by post-conviction counsel constitutes a sufficient basis for granting relief under Rule 60(b). Bias's reliance on *Eby* is misplaced. In *Eby*, the petitioner's post-conviction counsel failed to file *any response* to the court's issuance of no less than five notices of its intention to dismiss his case for inactivity pursuant to I.R.C.P. 40(c). *Eby*, 148 Idaho at 733, 228 P.3d at 1000. After the court dismissed the case under Rule 40(c), petitioner's fourth post-conviction attorney sought relief under Rule 60(b), which the court denied. *Id.* at 734, 228 P.3d at 1001. On appeal, the Idaho Supreme Court reiterated that petitioners do not have a right to effective assistance of post-conviction counsel. *Id.* at 737, 228 P.3d at 1004. However, because post-conviction proceedings constitute "the only available proceeding for [a petitioner] to advance constitutional challenges to his conviction and sentence," relief may be warranted under Rule 60(b) in the "unique and compelling circumstances" where a petitioner experiences "the *complete absence* of meaningful representation." *Id.* (emphasis added).

Here, Bias's motion does not allege a complete absence of post-conviction representation, nor does the record support such a finding. Bias's post-conviction counsel filed a responsive brief and supporting affidavits after the State filed a motion for summary dismissal. Unlike the petitioner in *Eby*, Bias did not experience a "complete absence of meaningful representation." Bias's dissatisfaction with his post-conviction counsel's performance does not constitute the "unique and compelling circumstances" required before a court may grant relief under Rule 60(b). Therefore, because Bias was not entitled to relief as a matter of law under Rule 60(b), we uphold the district court's denial of his post-judgment motion.

## III.

## CONCLUSION

The district court properly dismissed all of Bias's claims for post-conviction relief excepting his claim of ineffective assistance of counsel regarding trial counsel's failure to object

to or move for a mistrial after a witness testified about an attempted rape.  Therefore, we vacate the district court's judgment granting summary dismissal of Bias's petition for post-conviction relief and remand the matter for an evidentiary hearing on that issue.  Additionally, although the district court improperly considered Bias's motion under I.R.C.P. 59(e), Bias was not entitled to relief under I.R.C.P. 60(b).

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.