IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43565

| | | |
|---|---|---|
| MAX J. GORRINGE, | ) | 2016 Unpublished Opinion No. 593 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 7, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order denying motion to reconsider summary dismissal of petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Max J. Gorringe appeals from the district court's order denying his motion to reconsider the summary dismissal of his petition for post-conviction relief. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Gorringe pled guilty to attempted strangulation. He appealed and this Court affirmed his conviction. *State v. Gorringe*, Docket No. 39638 (Ct. App. Mar. 13, 2013) (unpublished). Gorringe subsequently filed a pro se petition for post-conviction relief and moved for appointment of counsel. The district court appointed counsel and noticed its intent to dismiss the petition. Gorringe's counsel moved for additional time to respond to the court's notice of intent to dismiss and the court granted the motion for additional time. Gorringe's counsel filed an amended petition and the State responded to the amended petition and moved for summary

1

dismissal. The court held a hearing on the State's motion for summary dismissal where Gorringe's counsel responded to the State's motion. On May 19, 2015, the court summarily dismissed the amended petition in a written order.

Gorringe subsequently filed a pro se motion entitled "Motion to Reconsider (set aside) Dismissal of Postconviction (5-20-15); Rule 59(e), 60(b) or any other rule that may Grant Relief and or in the alternative Motion to Review the record." The motion was treated by the district court as a motion to alter or amend the judgment under Idaho Rule of Civil Procedure 59(e). The court denied the motion because Gorringe had not filed the motion within fourteen days of the dismissal of his petition as required by I.R.C.P. 59(e). *Ross v. State*, 141 Idaho 670, 672, 115 P.3d 761, 763 (Ct. App. 2005). The court also held that it would have denied the motion even if it had been timely because the motion failed to identify legal or factual errors that occurred in the post-conviction proceeding. The court did not address the motion as a motion for relief from judgment under I.R.C.P. 60(b). On September 21, 2015, Gorringe filed a notice of appeal.

## II.

## ANALYSIS

Gorringe contends that the district court improperly treated his motion solely as a motion to alter or amend a judgment under I.R.C.P. 59(e). He suggests the court should have also treated his motion as a motion for relief from judgment under I.R.C.P. 60(b) because the motion contained allegations of ineffective assistance of post-conviction counsel. The State asserts that Gorringe did not file a timely appeal because the pendency of a Rule 60(b) motion does not toll the time for appeal. Alternatively, the State argues that Gorringe has not demonstrated a basis for relief under I.R.C.P. 60(b).

When a movant files an ambiguously titled post-judgment motion, courts consider the substance of the motion to determine whether it is properly an I.R.C.P. 59(e) or I.R.C.P. 60(b) motion. *Bias v. State*, 159 Idaho 696, 706, 365 P.3d 1050, 1060 (Ct. App. 2015); *see Vierstra v. Vierstra*, 153 Idaho 873, 879, 292 P.3d 264, 270 (2012). A motion is most appropriately considered a motion to alter or amend a judgment pursuant to I.R.C.P. 59(e), when it is filed within fourteen days of the entry of judgment and is premised solely upon information that was before the court at the time judgment was rendered. *Dunlap v. State*, 141 Idaho 50, 58, 106 P.3d 376, 384 (2004); *Bias*, 159 Idaho at 706, 365 P.3d at 1060; *Schultz v. State*, 155 Idaho 877, 883, 318 P.3d 646, 652 (Ct. App. 2013). Conversely, where a motion presents new information or

2

issues for the court to consider, treatment as a motion for relief from judgment under I.R.C.P. 60(b) is most appropriate. *Bias*, 159 Idaho at 706, 365 P.3d at 1060; *Ross*, 141 Idaho at 672, 115 P.3d at 763.

In this case, Gorringe's motion contained additional matters for the court to consider, principally an allegation of ineffective assistance of post-conviction counsel. Thus, the court should have considered the motion under I.R.C.P. 60(b). However, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by the lower court. *Bias*, 159 Idaho at 706, 365 P.3d at 1060; *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

The appeal is timely as to the denial of the Rule 60(b) motion. Idaho Appellate Rule 14(a) requires parties to file their notice of appeal within forty-two days of the final judgment. The requirement of perfecting an appeal within the forty-two-day time period is jurisdictional. *State v. Thomas*, 146 Idaho 592, 594, 199 P.3d 769, 771 (2008); *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct. App. 1982). A "[m]otion for relief under Rule 60(b) does not affect the finality of a judgment and hence does not toll the time for appeal from the final judgment." *First Sec. Bank v. Neibaur*, 98 Idaho 598, 603, 570 P.2d 276, 281 (1977); *see* Idaho Appellate Rule 14(a) (excepting I.R.C.P. 60 motions from civil motions that toll the time for appeal from the final judgment).

Here, the district court summarily dismissed Gorringe's petition on May 19, 2015. On September 21, 2015, Gorringe filed his notice of appeal, 125 days after the district court summarily dismissed his petition. Because an I.R.C.P. 60(b) motion does not toll the time for appeal from a final judgment, this Court lacks appellate jurisdiction to consider an appeal from the order dismissing the petition. However, an order denying a motion for reconsideration is itself an appealable order. In this case, the district court entered its order denying the motion for reconsideration on July 14, 2015. Gorringe did not file his notice of appeal until September 21, 2015, which, as the State points out, is sixty-nine days later. However, on the day the district court entered its order denying the motion for reconsideration, the court also appointed counsel to assist Gorringe in establishing that the motion was timely filed, since the court had considered the motion untimely under I.R.C.P. 59(e). Nothing further having thereafter been filed, the district court entered its "Final Judgment" denying the motion for reconsideration on August 14, 2015. The notice of appeal was timely from that "Final Judgment." Essentially, the court's

3

initial order denying the motion for reconsideration was left open for receipt of additional evidence and therefore, not finally determined until the August 14, 2015, "Final Judgment." Under the circumstances, Gorringe's appeal from the denial of the motion for reconsideration is considered timely.

However, Gorringe's motion would have failed under I.R.C.P. 60(b). A party must demonstrate "unique and compelling circumstances" justifying relief before a court may grant an I.R.C.P. 60(b) motion. *Dixon v. State*, 157 Idaho 582, 587, 338 P.3d 561, 566 (Ct. App. 2014). Gorringe argues this case may present "the unique and compelling circumstances sufficient to justify relief under IRCP 60(b)(6)." Gorringe relies on *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010) for this assertion. According to Gorringe, *Eby* establishes that ineffective assistance by post-conviction counsel constitutes a sufficient basis for granting relief under I.R.C.P. 60(b).

Gorringe's reliance on *Eby* is misplaced. In *Eby*, the petitioner's post-conviction counsel failed to file *any response* to the court's issuance of no less than five notices of its intention to dismiss his case for inactivity pursuant to I.R.C.P. 40(c). *Eby*, 148 Idaho at 733, 228 P.3d at 1000. The petitioner's post-conviction attorney did not file any "amendments to [the petitioner's] pro se petition" or "response to the state's motion for summary dismissal." *Id.* After the court dismissed the case under I.R.C.P. 40(c), petitioner's fourth post-conviction attorney sought relief under I.R.C.P. 60(b), which the court denied. *Eby*, 148 Idaho at 734, 228 P.3d at 1001. On appeal, the Idaho Supreme Court reiterated that petitioners do not have a right to effective assistance of post-conviction counsel. *Id.* at 737, 228 P.3d at 1004. However, because post-conviction proceedings constitute "the only available proceeding for [a petitioner] to advance constitutional challenges to his conviction and sentence," the Court held that relief may be warranted under I.R.C.P. 60(b) in the "unique and compelling circumstances" where a petitioner experiences "the *complete absence* of meaningful representation." *Eby*, 148 Idaho at 737, 228 P.3d at 1004 (emphasis added). *See generally Bias*, 159 Idaho at 706, 365 P.3d at 1060.

Here, Gorringe's motion does not allege a complete absence of post-conviction representation, nor does the record support such a finding. Gorringe's post-conviction counsel amended Gorringe's pro se petition and responded to the State's motion for summary dismissal at the hearing on the motion for summary dismissal. Unlike the petitioner in *Eby*, Gorringe did not experience a "complete absence of meaningful representation." *Eby*, 148 Idaho at 737, 228

4

P.3d at 1004.  Gorringe's dissatisfaction with his post-conviction counsel's performance does not constitute the unique and compelling circumstances required before a court may grant relief under I.R.C.P. 60(b).  Because Gorringe's motion would have failed under I.R.C.P. 60(b), we uphold the district court's denial of his post-judgment motion.

## III.
## CONCLUSION

Although the district court should have considered Gorringe's motion under I.R.C.P. 60(b), it is without merit under I.R.C.P. 60(b).  The district court's order denying Gorringe's motion to reconsider the summary dismissal of his petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.