**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44817**

| | | |
|---|---|---|
| **STEVEN EUGENE ROBERTS, III,** | ) | **2018 Opinion No. 15** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 23, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

————————————————————

GUTIERREZ, Judge

Steven Eugene Roberts, III, appeals from the district court's order summarily dismissing his petition for post-conviction relief. Roberts argues that the district court erred because it created a class of claims that is unreviewable. For the following reasons, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After a bench trial, the district court found Roberts guilty of burglary and arson in the first degree. Roberts then admitted to being a persistent violator. The district court imposed a unified thirty-year sentence, with a minimum period of confinement of ten years, for arson in the first degree and a concurrent unified ten-year sentence, with a minimum period of confinement of five years, for burglary. Roberts timely appealed. This Court affirmed Roberts' conviction. *State v. Roberts*, Docket No. 42534 (Ct. App. Sept. 17, 2015) (unpublished).

1

Roberts then filed a petition for post-conviction relief setting forth numerous claims. The State moved for summary dismissal, which was granted. Specific to Roberts' claim that his appellate counsel rendered ineffective assistance by not pursuing issues on appeal as fundamental error, the district court dismissed pursuant to *Mintun v. State*, 144 Idaho 656, 662, 168 P.3d 40, 46 (Ct. App. 2007). Other claims were dismissed pursuant to *Bias v. State*, 159 Idaho 696, 702, 365 P.3d 1050, 1056 (Ct. App. 2015), on the basis that they were "barred as forfeited because [they] could have been raised on direct appeal." Roberts timely appealed.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations,

2

unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

# III.

# ANALYSIS

Pursuant to Idaho Appellate Rule 35(a)(4), the brief of the appellant must contain, under the appropriate heading, a list of the issues presented on appeal. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Id*.

Roberts' brief fails to comply with I.A.R. 35(a)(4) as it does not include a statement of issues. Roberts does state the issue under the "Nature of the Case" subsection and in the heading of the "Argument" section of his brief, but that is not what I.A.R. 35(a)(4) mandates. Additionally, Roberts has not assigned specific error to the district court's actions. This Court will not review the actions of a district court which have not been specifically assigned as error. *State v. Hoisington*, 104 Idaho 153, 159, 657 P.2d 17, 23 (1983). Roberts needed to explain how the district court erred in applying I.C. § 19-4901(b), *Mintun*, and *Bias* to the facts of this case, because even if application of I.C. § 19-4901(b), *Mintun*, and *Bias* "whipsaws the petitioner," that does not mean the district court erred.

Moreover, Roberts does not provide any authority supporting his argument that the district court erred by making a class of claims effectively unreviewable. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking."). Roberts' argument section is divided into four subsections. The first three subsections include citations to *Mintun*, *Bias*, and cases dealing with the applicable standards of review. The final subsection is where Roberts lays out his argument for why the district court's order creating a class of unreviewable claims is erroneous. In this subsection, Roberts presents this Court with no authority supporting his assertion that the district court's application of *Mintun* and *Bias* was erroneous. In fact, in a footnote, Roberts asserts "it seems doubtful that these claims could have been brought on the direct appeal record." Roberts provides no explanation about why the claims could not be raised on direct appeal so that the application of *Mintun* would be erroneous. Moreover, Roberts does not explain how the court created a class of claims that is unreviewable, as opposed to applying the law to individual claims. The State, in its response brief, even noted that Roberts provided

4

no authority to support his argument, but Roberts failed to file a reply brief citing to some authority for his argument. One reason why this lack of authority is problematic in this case is that we are left to guess whether Roberts is challenging the district court's application of law to his claims or the legitimacy of the case law applied. Providing an issue statement and authority could have clarified the specific basis for Roberts' argument, rather than leaving this Court to speculate about the specific error complained of and the legal basis for Roberts' reasoning.

## IV.
## CONCLUSION

Procedural bars prevent this Court from considering the issue on the merits. Though failure to strictly adhere to I.A.R. 35(a)(4) is not always fatal, Roberts also failed to assign specific error to the district court or cite to any authority supporting his argument. Accordingly, the district court's order summarily dismissing Roberts' petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.