**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46088**

| | |
|---|---|
| KYLE STEVEN BOWER, | ) |
| | ) Filed: September 27, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law, LLC; Robyn Fyffe, Boise, for appellant. Robyn Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GRATTON, Chief Judge

Kyle Steven Bower appeals from the district court's judgment dismissing his petition for post-conviction relief with prejudice. Bower argues that the district court erred in dismissing his petition after an evidentiary hearing. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bower was indicted for lewd conduct, Idaho Code § 18-1508, (Count I) and sexual abuse, I.C. § 18-1506, (Count III) for acts involving his daughter, K.B. In addition, Bower was indicted for lewd conduct, I.C. § 18-1508, (Count II) for acts involving his girlfriend's daughter, J.B. Bower's first trial ended in a mistrial after the jury was unable to reach a verdict. After Bower's second trial, the jury returned a verdict of guilty on all three counts. Following trial, Bower filed a direct appeal challenging the district court's denial of his motion to sever the charges relating

1

to each victim.  This Court upheld the district court's order denying the motion to sever under Idaho Criminal Rule 14 and affirmed Bower's judgment of conviction.

In June 2016, Bower filed a pro se petition for post-conviction relief.  As relevant to his claims on appeal, Bower alleged:  (1) various instances of prosecutorial misconduct; (2) ineffective assistance for trial counsel's failure to retain expert witnesses to rebut the State's experts; (3) ineffective assistance for trial counsel's failure to move to sever the charges pursuant to I.C.R. 8(a); and (4) ineffective assistance for trial counsel's failure to object to the duplicity contained in Counts I and III.  Bower was appointed post-conviction counsel.  After an evidentiary hearing was held on Bower's petition, the district court dismissed Bower's claims. The court found that:  (1) Bower's prosecutorial misconduct claims were barred by I.C. § 19-4901(b) and otherwise failed on the merits; and (2) Bower failed to show that he was entitled to relief on his ineffective assistance of trial counsel claims.  Bower timely appeals.

## II.

## ANALYSIS

### A.    Prosecutorial Misconduct Claims

Bower asserted various prosecutorial misconduct claims in his post-conviction petition. After an evidentiary hearing, the district court, citing *Grove v. State*, 161 Idaho 840, 852, 392 P.3d 18, 30 (Ct. App. 2017), concluded that each of Bower's claims were barred by I.C. § 19-4901(b) because they could have been raised on direct appeal and Bower did "not show[] by substantial evidence that, in the exercise of due diligence, this information could not have been presented earlier."

On appeal, Bower argues that the district court erred in relying on this Court's decision in *Grove*.  Bower contends that this Court's interpretation of I.C. § 19-4901(b), as set forth in *Grove*, was incorrect.  Although Bower acknowledges that Idaho case law precludes raising prosecutorial misconduct claims in petitions for post-conviction relief because they could have been raised on direct appeal, Bower contends that Idaho appellate authority standing for that proposition was wrongly decided.  Bower invites this Court to overturn *Grove* and read I.C. § 19-4901(b) to allow petitioners to bring direct constitutional claims in post-conviction petitions.

Stare decisis dictates that we follow controlling precedent unless it is manifestly wrong, it has proven over time to be unjust or unwise, or overturning it is necessary to vindicate plain,

2

obvious principles of law and remedy continued injustice. *Reyes v. Kit Mfg. Co.*, 131 Idaho 239, 240, 953 P.2d 989, 990 (1998); *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App. 2009).

The Uniform Post-Conviction Procedure Act specifies that a post-conviction petition "is neither a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction." I.C. § 19-4901(b). It continues by specifying that "Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction." In addition, I.C. § 19-4901(b) states that, in order to overcome its procedural bar, a party must make a "substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier."

In *Grove*, this Court held that petitioners cannot raise prosecutorial misconduct claims in post-conviction proceedings without overcoming I.C. § 19-4901(b)'s procedural bar because prosecutorial misconduct claims can be raised on direct appeal. *See Grove*, 161 Idaho at 852, 392 P.3d at 30. Bower argues that this Court's restrictive reading of I.C. § 19-4901(b) in *Grove* is contrary to the plain language of the statute. Bower claims that a petitioner has no remedy to overcome an unpreserved constitutional claim that requires development of the factual record because such a claim cannot be effectively raised either on direct appeal (because the fundamental error test under *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010) requires a showing that the error be clear from the record), or in post-conviction (because of I.C. § 19-4901(b)'s procedural bar). We are not persuaded by Bower's argument.

The precedential cases from this Court and from the Idaho Supreme Court have repeatedly interpreted I.C § 19-4901 to restrict post-conviction petitions to issues that could not have been raised on direct appeal, such as ineffective assistance of counsel claims, and to preclude issues that could have been raised on direct appeal, such as direct constitutional challenges. *See Thumm v. State* ___ Idaho ___, ___, ___ P.3d ___, ___, (2019) (substitute opinion); *Baldwin v. State*, 145 Idaho 148, 153 n.4, 177 P.3d 362, 367 n.4 (2008); *Black v. State*, 165 Idaho 100, 104-05, 439 P.3d 1272, 1276-77 (Ct. App. 2019); *Grove*, 161 Idaho at 852, 392 P.3d at 30; *Bias v. State*, 159 Idaho 696, 702-03, 365 P.3d 1050, 1056-1057 (Ct. App. 2015). We will continue to do so.

3

In addition, Bower's argument that he is left with no recourse because of I.C. § 19-4901(b)'s procedural bar in unpersuasive. First, Bower could have raised his unobjected to prosecutorial misconduct claims as fundamental error on direct appeal. *See Grove*, 161 Idaho at 852, 392 P.3d at 30. Second, Bower is entitled, but failed, to bring ineffective assistance of counsel claims in his post-conviction petition for his counsel's failure to object to the prosecutor's conduct. *See Bias*, 159 Idaho at 703, 365 P.3d at 1057 (finding that "the proper way for a defendant to challenge an unpreserved trial error is to assert ineffective assistance of trial counsel in a post-conviction proceeding"). Finally, as set forth above, I.C. § 19-4901 provides an exception to the procedural bar. However, Bower failed to present the district court with any evidence or argument to establish the exception. Thus, Bower had opportunities to seek a remedy for any alleged error but did not pursue any of the avenues set forth above. Regardless, Bower has not shown that the controlling precedent is manifestly wrong, is unjust or unwise, or overturning it is necessary to vindicate plain, obvious principles of law. Therefore, the district court did not err in denying Bower's prosecutorial misconduct claims.

**B.  Ineffective Assistance of Counsel Claims**

Bower asserts trial counsel's performance was ineffective for failing (1) to retain expert witnesses, (2) to file the motion to sever, and (3) to object to duplicity contained in Counts I and III. Following an evidentiary hearing, the district court issued a written order denying each of Bower's ineffective assistance of counsel claims.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

4

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Based on that standard, we turn our analysis to Bower's specific challenges.

### 1. Retaining expert witnesses

Bower argues that he received ineffective assistance of counsel because his attorney failed to consult with expert witnesses about rebutting the expert testimony presented by the State in the second jury trial. In response, the State argues that the district court properly dismissed the claim after concluding that Bower failed to adequately support it.

At the evidentiary hearing, Bower testified about his conversations with trial counsel regarding hiring expert witnesses. At the conclusion of Bower's presentation of evidence, the State motioned to dismiss pursuant to Idaho Rule of Civil Procedure 41(b)(2). The district court granted the State's motion as to this claim, thereby dismissing Bower's claim on two independent grounds. First, the district court, citing *Self v. State*, 145 Idaho 578, 580-81, 181 P.3d 504, 506-507 (Ct. App. 2007), explained in order to justify an evidentiary hearing,

> it is incumbent on the applicant to tender written statements from potential witnesses who are able to give testimony themselves as to facts within their knowledge. It is not enough to simply allege that an expert should have been secured without providing, through affidavits, evidence of the substance of the expert's testimony. Absent an affidavit from the expert explaining what he or she would have testified to, or some other verifiable information about what the

5

substance of the expert's testimony would have been, a[n] applicant fails to raise a genuine issue of material fact.

Based on *Self*, the district court concluded that Bower neither presented evidence as to the identity of any expert witnesses that he believed should have been called nor provided any evidence regarding the content of their testimony. Thus, the district court found that, as a matter of law, Bower "ha[d] not met his burden under *Self* to show that his counsel rendered ineffective assistance for failing to call an expert." Second, the district court analyzed trial counsel's testimony at the evidentiary hearing and concluded that trial counsel's decision not to retain an expert was a strategic and tactical decision.

On appeal, Bower argues that trial counsel's decision not to hire experts was unreasonable. However, Bower does not challenge the district court's conclusion regarding the sufficiency of the evidence presented. Thus, a basis for a trial court's ruling is not challenged on appeal. Therefore, we affirm the district court's dismissal of this claim on the unchallenged bases. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998).

### 2. Motion to sever

Bower argues that the district court erred in denying his claim that trial counsel was ineffective for failing to file an I.C.R. 8(a) motion to sever Count II from Counts I and III.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Additionally, when assessing post-conviction claims for ineffective assistance of counsel, "this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances,

the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Prior to the first trial in Bower's underlying criminal case, counsel moved to sever Counts I and III, involving K.B., from Count II, involving J.B., such that the charges relating to each victim would be tried separately. In the motion and during argument on the motion, counsel did not specify which of the Idaho Criminal Rules (I.C.R. 8 or I.C.R. 14), that Bower sought the severance. The district court construed the motion as an I.C.R. 14 motion and denied it. On direct appeal, Bower argued that the district court erred in construing the motion as being raised pursuant to I.C.R. 14 instead of I.C.R. 8(a). *State v. Bower*, Docket No. 41336, (Ct. App. Feb. 13, 2015) (unpublished). However, this Court concluded that the district court correctly construed the claim as an I.C.R 14 severance motion, Bower failed to preserve an I.C.R. 8(a) severance argument, and additionally, the State made "at least a prima facie showing" that the charges should have been joined under I.C.R. 8(a). *Bower*, Docket No. 41336 (unpublished).

In his post-conviction petition, Bower argued that his trial counsel was ineffective for failing to argue the motion to sever under I.C.R. 8. After the evidentiary hearing, the district court found that the decision by Bower's trial counsel not to argue I.C.R. 8 was tactical. In addition, the district court concluded that Bower failed to show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced.

On appeal, Bower argues that counsel's decision not to file an I.C.R. 8(a) motion was not tactical, counsel's performance was objectively unreasonable, and Bower was prejudiced. The State argues that (1) this claim is barred by the doctrine of *res judicata* because this Court has already concluded in Bower's direct appeal that an I.C.R. 8(a) motion would have been unsuccessful; (2) even if *res judicata* does not apply, the motion would have been unsuccessful; and (3) trial counsel's decision not to pursue the motion was strategic.[1]

Because we conclude that Bower has failed to overcome the presumption that the decision not to file an I.C.R. 8(a) motion was tactical, we need not decide whether an I.C.R. 8(a)

---

[1]     In regard to the State's *res judicata* argument, this Court on direct appeal concluded that "the State made at least a prime facie showing" that the charges should have been joined under I.C.R. 8(a). *State v. Bower*, Docket No. 41336, (Ct. App. Feb. 13, 2015) (unpublished). Because we conclude that a prima facie showing does not establish whether a claim would or would not have been successful, we decline to extend the doctrine of *res judicata* to this claim.

motion would have been granted. Here, the district court concluded that "the decision by Petitioner's counsel not to argue the motion to sever under I.C.R. 8 was a tactical or strategic decision that will not be second-guessed by this Court." This is a factual finding. *See Wurdemann v. State*, 161 Idaho 713, 721, 390 P.3d 439, 447 (2017) (trial court finding that there was no strategic or tactical decision is a factual finding). We will not disturb such a finding unless it is clearly erroneous. *Id*. In concluding it was reasonable not to file the motion, the district court explained that trial counsel

> testified at the evidentiary hearing that he considered arguing the motion to sever under I.C.R. 8 and applicable case law. He further testified at the hearing that the allegations of the victims were remarkably similar. He believed that the prosecutor had a strong argument that there was a common scheme or plan under I.C.R. 8. Furthermore, based on his experience, he was concerned that even if he was successful on an I.C.R. 8 argument, the evidence would be admitted by the trial court under I.R.E. 404(b). He also testified that he tailored his argument to the trial judge, based on his years of experience practicing in front of the trial judge. He believed that arguing prejudice under I.C.R. 14 had a greater chance of success with the trial judge.

These findings are sufficient to support a conclusion that Bower failed to overcome the presumption that the decision not to file the motion under I.C.R. 8 was within the wide range of permissible discretion and trial strategy. Additionally, Bower has failed to overcome the presumption or demonstrate that the district court's factual findings are clearly erroneous. Therefore, the district court did not err in denying Bower's ineffective assistance of counsel claim for failing to file an I.C.R. 8 motion.

### 3. Duplicity

Finally, on appeal, Bower stated that his trial counsel was ineffective for failing to object to the duplicity contained in Counts I and III. However, Bower did not provide any further argument or authority in support of his assertion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, we decline to address Bower's duplicity argument.

### III.

### CONCLUSION

We decline Bower's invitation to overturn *Grove* or case law supporting *Grove*'s holding, as Bower has failed to show that this Court and the Idaho Supreme Court's interpretation of I.C. § 19-4901 was manifestly wrong or that time has proven it unjust or unwise. In addition, Bower

failed to show that his trial counsel was ineffective for failing to retain expert witnesses, failing to file a motion to sever under I.C.R. 8, or failing to object to duplicity. Accordingly, the district court's judgment dismissing Bower's petition for post-conviction relief is affirmed.

Judge BRAILSFORD and Judge Pro Tem WALTERS **CONCUR**.