# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51033

| | |
|---|---|
| ERIC JAMES STEINER,<br><br>      Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>      Respondent. | )<br>)  Filed: May 22, 2025<br>)<br>)  Melanie Gagnepain, Clerk<br>)<br>)  THIS IS AN UNPUBLISHED<br>)  OPINION AND SHALL NOT<br>)  BE CITED AS AUTHORITY<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samual A. Hoagland, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric James Steiner, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Eric James Steiner appeals from the judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This case has a lengthy procedural history. Steiner was arrested after he called 911 to report that his wife died about six hours prior after he hit her in the head with a crowbar and then shot her with a pistol. He confessed the same to law enforcement. On June 6, 2019, Steiner was charged with murder in the first degree, with a deadly weapon enhancement. Pursuant to a plea agreement, Steiner agreed to plead guilty to first degree murder. I.C. §§ 18-4001, 18-4002, and 18-4003. In exchange for his guilty plea, the State agreed to dismiss the deadly weapon enhancement. On February 27, 2020, the trial court held a change of plea hearing. Steiner was

1

placed under oath and the trial court engaged in a lengthy dialogue with Steiner. The trial court informed Steiner of the rights he was waiving by pleading guilty, discussed the elements of the offense, and engaged in the following plea colloquy:

| | |
|---|---|
| THE COURT: | Okay. Did you have the time and opportunity to review all the discovery materials in this case to your full satisfaction? |
| [STEINER]: | Yes, Your Honor. |
| . . . . | |
| THE COURT: | Nobody forced you to sign this? |
| [STEINER]: | No, Your Honor. |
| THE COURT: | Did you have satisfactory assistance and consultation with your lawyer before you signed it? |
| [STEINER]: | Yes, Your Honor. |
| THE COURT: | Did you review this carefully and understand it all before you signed it? |
| [STEINER]: | Yes, Your Honor. |
| THE COURT: | Sir, overall are you satisfied with the services of your attorneys? |
| [STEINER]: | Yes, Your Honor. |
| THE COURT: | Did you tell your lawyers the whole truth about everything in this case so that they could give you the best advice and representation possible? |
| [STEINER]: | Yes, Your Honor. |
| THE COURT: | Have you had all the time you wanted or needed to talk to your lawyers about this case? |
| [STEINER]: | Yes, Your Honor. |
| . . . . | |
| THE COURT: | Outside this plea bargain deal is anybody forcing you to plead guilty? |
| [STEINER]: | No, Your Honor. |
| THE COURT: | Are there any pressure or threats or coercion outside this plea bargain deal? |
| [STEINER]: | No, Your Honor. |
| THE COURT: | Are there any promises or inducements outside the plea bargain deal to get you to plead guilty? |
| [STEINER]: | No, Your Honor. |

The trial court cautioned Steiner that, "once you enter a guilty plea, it's practically impossible to change your mind and withdraw it. Do you understand that?" Steiner answered affirmatively. Ultimately, the trial court accepted Steiner's guilty plea and found he entered his guilty plea freely, voluntarily, knowingly, and intelligently.

Represented by new counsel, Steiner filed a motion to withdraw his guilty plea on May 27, 2020. He argued he was coerced into pleading guilty by his previous attorney and that his plea was not voluntary. The trial court held an evidentiary hearing on July 31, 2020, at which Steiner's previous attorney testified. The trial court subsequently issued a memorandum decision denying Steiner's motion to withdraw his guilty plea. Steiner's counsel moved to withdraw from his representation of Steiner, and he was appointed new counsel. Steiner filed a renewed motion to withdraw his guilty plea. Steiner asserted his guilty plea was not knowingly, intelligently, and voluntarily made. He also asserted his previous counsel failed to review and discuss discovery materials with Steiner, the discovery materials that counsel failed to review support his version of events, and that he is innocent. The trial court heard argument and denied the second motion. The trial court found that Steiner's guilty plea was made knowingly, intelligently, and voluntarily. The trial court concluded Steiner's actual innocence claim was bare and conclusory, contradicted by the record, and lacked credibility. The trial court also concluded that Steiner's claims that his counsel failed to review discovery with Steiner were bare and conclusory and contradicted by the record. Steiner's counsel subsequently withdrew his representation of Steiner and he elected to proceed pro se. Steiner filed a third motion to withdraw his guilty plea on February 23, 2022, and the trial court denied that motion.

On March 4, 2022, the trial court imposed a determinate life sentence. Acting pro se, Steiner appealed. He was subsequently appointed counsel on appeal; however, Steiner voluntarily moved to dismiss his appeal with prejudice. His appeal was dismissed on February 14, 2023.

On February 23, 2023, Steiner filed a motion for appointment of counsel and a petition for post-conviction relief raising the same issues he previously raised in his direct appeal.[1] The State moved for summary dismissal of the petition. In July 2023, the district court entered an order denying Steiner's motion for appointment of counsel and a notice of intent to dismiss Steiner's petition for post-conviction relief. The district court allowed Steiner twenty days to submit a brief or further supporting affidavits addressing why his petition should not be dismissed. Steiner filed

---

[1]     Since filing his petition for post-conviction relief, Steiner has continued to file various motions, including, for example, a request for a hearing to demonstrate how the victim died, a motion for summary dismissal of the case, six motions for a default judgment, and three motions asking the district court to rule on his pending motions. The district court denied these motions.

two responses, and the district court subsequently entered an order summarily dismissing his petition for post-conviction relief. The district court concluded Steiner failed to raise a genuine issue of material fact with respect to his actual innocence claim, in addition to failing to address how this claim was not barred by res judicata. The district court concluded Steiner's ineffective assistance of counsel claims were barred by res judicata. The district court also found Steiner's ineffective assistance of counsel claims failed because they were bare, conclusory, unsupported by the record, and contrary to the record. Accordingly, the district court granted the State's motion for summary dismissal and entered a judgment dismissing Steiner's petition. Steiner appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008).

## III.

## ANALYSIS

Rather than addressing the reasons set forth by the district court for granting summary dismissal of his petition, Steiner now argues he should be granted post-conviction relief because he is innocent of the crime to which he pled guilty, the district court's findings are based on a falsified record, and his attorneys provided ineffective assistance of counsel.[2]

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is

_____

[2] In his reply brief, Steiner asserts the district court erred by not appointing counsel for the post-conviction proceedings; however, this Court will not consider arguments raised for the first time in an appellant's reply brief. *Midtown Ventures, LLC v. Capone as Tr. to the Thomas & Teresa Capone Living Tr.*, 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023).

4

based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the

5

petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

## A.     Innocence Claim

Among other claims, Steiner asserted in his direct appeal that his "confession [was] false," that he was "not guilty per the evidence," and the "police lied in there [sic] supplemental reports." Steiner made the same arguments in his petition for post-conviction relief. The district court addressed Steiner's argument that his explanation of the evidence, including the autopsy report, supported his claim of innocence and that his confession was false. However, the district court concluded dismissal of these claims was proper on the following grounds:

> First, Steiner's claim is bare and conclusory, and contradicted by the record. Second, Steiner's guilty plea was knowingly, intelligently, and voluntarily made, and he failed to establish (or raise a question of fact) that his guilty plea was constitutionally defective. Finally, this claim was previously decided and ruled on by this Court, and Steiner had the opportunity to appeal it, and it is now barred by res judicata and Idaho Code § 19-4901(b).

On appeal, Steiner does not address the district court's conclusion that his guilty plea was knowingly, intelligently, and voluntarily made and that the claims are barred by res judicata and I.C. § 19-4901(b). Instead, he again contends that his confession was false and that the record is largely based on falsified information. For example, he claims that several law enforcement officials falsified their supplemental reports, a detective falsified his affidavit to obtain a search warrant, and the autopsy report is "partially unreliable" because it is based on falsified reports. Steiner fails to show error by the district court in summarily dismissing these claims.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an

6

appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). To fall within the exception and be granted post-conviction relief on an issue which could have been raised on direct appeal, but was not, a petitioner must show on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. I.C. § 19-4901(b); *Bias v. State*, 159 Idaho 696, 702, 365 P.3d 1050, 1056 (Ct. App. 2015).

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court exercises de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen*, 144 Idaho at 439, 163 P.3d at 228.

The trial court previously decided that Steiner's guilty plea was made knowingly, intelligently, and voluntarily and that he had the opportunity to appeal that decision. The district court properly concluded that Steiner's claim that his guilty plea was constitutionally defective is barred by res judicata and I.C. § 19-4901(b). It is also evident from the plea colloquy that Steiner's claim is contradicted by the record. Similarly, Steiner's claims of innocence based on a falsified record either were raised in his direct appeal or should have been raised on direct appeal and are therefore not properly brought in a petition for post-conviction relief. Steiner has failed to show the district court erred in summarily dismissing his claim of innocence.

**B.      Ineffective Assistance of Counsel**

When dismissing Steiner's ineffective assistance of counsel claims, the district court concluded the issues were already raised and decided in the underlying proceeding, and therefore, are barred by res judicata and I.C. § 19-4901(b). The district court further concluded the claims failed because they are bare and conclusory, unsupported by admissible evidence, contrary to the record in the underlying proceedings, and Steiner failed to show deficient performance or prejudice.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

On appeal, Steiner fails to address the reasons set forth by the district court when it dismissed his ineffective assistance of counsel claims. Instead, he again makes assertions that his counsel was ineffective. For example, Steiner contends that counsel representing Steiner on his second motion to withdraw his guilty plea failed to "raise all the facts" and his prior counsel failed to provide Steiner with discovery materials. The district court properly concluded these issues were already raised and decided in the underlying proceeding and are therefore barred by res judicata and I.C. § 19-4901(b). Steiner has failed to show the district court erred in summarily dismissing his ineffective assistance of counsel claims.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Steiner's petition for post-conviction relief. Accordingly, the judgment summarily dismissing Steiner's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.